. BEST, APPELLANT, *v.* BEAUDRY ET AL., RESPONDENTS.

(No. 4,670.)

(Submitted February 6, 1922.  Decided March 6, 1922.)

[205 Pac. 239.]

*Real Estate Brokers—Jury Trial—Submission of All Issues of Fact Required—Judgments Non Obstante Veredicto.*

Trial by Jury—All Issues to be Determined by Verdict.
  1.  A trial by jury contemplates the determination of all the issues of fact in the form of a verdict.
Brokers—Submission of Only One of Several Issues of Fact to Jury Constitutes Mistrial.
  2.  Where in an action to recover for services rendered as a broker in the sale of real property a number of issues were raised by the pleadings, and the court submitted only one of them to the jury, there was a mistrial, necessitating a retrial.
Judgment *Non Obstante Veredicto* not Authorized by Codes.
  3.  Under the statutes of Montana there is no warrant for a judgment *non obstante veredicto.*

*Appeals from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by C. D. Best against Valmore Beaudry and another, doing business under the firm name of Beaudry Bros.  From a judgment notwithstanding the verdict, dismissing plaintiff's cause of action and from the order denying plaintiff's motion for a new trial, plaintiff appeals.  Reversed and remanded.

*Mr. T. F. McCue,* for Appellant, submitted a brief and one in reply to that of Respondents, and argued the cause orally.

The court erred in granting defendant's motion for judgment *non obstante veredicto.*  There is no statute in this state authorizing such motion, and the same is not warranted by law. ·Under the common law such a judgment could never be rendered for the defendants.  (*Bradshaw* v. *Hedge,* 10 Iowa, 402; *Brown* v. *Lillie,* 6 Nev. 177; *Smith* v. *Smith,* 4 Wend. (N. Y.) 468; *Sheehy* v. *Duffy,* 89 Wis. 6, 61 N. W. 295; *German Ins. Co.* v. *Frederick,* 58 Fed. 144, 7 C. C. A. 122; *Schermerhorn*

[62 Mont. 485.]

v. *Schermerhorn,* 5 Wend. (N. Y.) 513; *Bellows* v. *Shannon,* 2 Hill (N. Y.), 86.) A trial court has no power to disregard a special verdict in a law case and grant judgment notwithstanding such verdict; its power is limited to setting aside the verdict. (*Sheehy* v. *Duffy, supra; Schweikhart* v. *Stuewe,* 75 Wis. 157, 43 N. W. 722.) Such a judgment is not a judgment notwithstanding the verdict; it is a judgment on the pleadings. (*Bertin & Lepori* v. *Mattison,* 80 Or. 354, 5 A. L. R. 593, 157 Pac. 153; *Slocum* v. *New York Life Ins. Co.,* 228 U. S. 364, 57 L. Ed. 879, 33 Sup. Ct. Rep. 523.)

*Mr. Stephen J. Crowley,* for Respondents, submitted a brief and argued the cause orally.

The appellant is correct in saying that we have no statute in Montana specifically authorizing a defendant to make use of a motion for judgment notwithstanding the verdict. Under the common-law practice only the plaintiff could employ it, but this restraint has been removed by the trend of judicial decisions and courts have, apparently, adopted the view that ''What's sauce for the goose is sauce for the gander.'' What we are concerned with is whether or not the right result was reached in this case, and if it has been it makes absolutely no difference, and prejudices not the appellant in the least, by what means or route that result was arrived at. Relative to such a motion we find the following expressions: ''But in several states this rule has been relaxed either by statute or judicial decisions, so as to permit the entry of judgment notwithstanding the verdict in proper cases on motion of the defendant especially where plaintiff's pleadings do not state a cause of action, or where plaintiff has failed to reply to an answer.'' (23 Cyc. 782.) ''But such a judgment may be given if there is an entire failure of evidence, or if the evidence shows as a matter of law that the verdict should be directed, and it is not probable that a different result would have been reached on another trial.'' (23 Cyc. 779.)

"The policy of the law is to put an end to litigation at the earliest practical moment." (*State* v. *District Court,* 37 Mont., 298, 96 Pac. 337.) "When the court has submitted special findings and the jury has rendered a special verdict it then becomes the duty of the court to render the proper judgment." (*McDonald* v. *Klenze,* 52 Mont. 142, 157 Pac. 175.) It is the rule in this state that "This court must, at every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." (*Smith* v. *Sullivan,* 58 Mont. 77, 190 Pac. 288.)

MR. CHIEF COMMISSIONER STARK prepared the opinion for the court.

So far as it is necessary to state the facts involved in this case, in order to decide the only question which can properly be considered on this appeal, they are as follows: The plaintiff filed his complaint against the defendants, seeking to recover compensation for services alleged to have been rendered to and for them in connection with the sale of certain ranch property located in Cascade county, and in substance alleges: (1) That the defendants were partners under the firm name of Beaudry Bros.; (2) that in October, 1918, defendants were the owners of a ranch known as "Beaudry Bros. Ranch," consisting of 3,200 acres and a considerable amount of personal property upon and about the same; that in said month they employed the plaintiff to canvass, advertise and solicit for and bring them in touch with persons who would be likely to purchase such property, and for such services agreed to pay plaintiff five per cent of whatever the property would sell for; that immediately thereafter the plaintiff did advertise, canvass and solicit for a purchaser who might be able and willing to purchase the property; that, after doing this, plaintiff secured two persons whom he introduced and turned over to the defendants; and that as a result thereof negotiations were entered into between

these two persons and the defendants, which resulted in a sale of said property to them by the defendants for the sum of $90,000.

The complaint further alleges that the plaintiff has fully performed all the terms and provisions of the contract on his part and that defendants have not paid him the compensation agreed upon. The answer of the defendants admits the partnership and the ownership of the property as set out in the amended complaint, but denies all the other allegations' thereof, except it admits that the described property was sold for the sum of $90,000. The case came on for trial before the court and a jury on May 6, 1920. Testimony was introduced upon the part of the plaintiff and defendants, after which both plaintiff and defendants rested. Thereupon, the court submitted to the jury the following single question: "Did the defendants employ the plaintiff to secure a purchaser for the property described in the complaint and promise, in the event of his securing such purchaser, to pay him, the plaintiff, five per cent of the purchase price of the property, when sold?" which they answered in the affirmative. On the following day plaintiff moved for "judgment in favor of the plaintiff upon the verdict as returned by the jury herein." Subsequently, defendants moved the court for a judgment in their favor, "notwithstanding the verdict." On May 18, the court made an order: "That the plaintiff's motion be denied and that he take nothing, and that the defendants have judgment for their costs herein expended."

On June 9, pursuant to the above-mentioned order, a judgment was entered, which recites: "Pursuant to the order heretofore made and entered on the eighteenth day of May, 1920, granting the defendants' motion for judgment notwithstanding the verdict and for their costs, it is therefore ordered and adjudged that the plaintiff's cause of action in the above-entitled case be and the same is hereby dismissed and that the plaintiff take nothing"—and awarded costs to defendants. The plaintiff made a motion for a new trial, which was denied. From

this judgment and the order denying his motion for new trial, plaintiff has appealed.

It is only necessary to consider plaintiff's second assignment [1, 2] of error, which is that the court erred in entering judgment dismissing the plaintiff's cause of action. From a reading of paragraph 2 of the amended complaint, and the defendants' answer thereto, it will be observed that at least five distinct material issues of fact were tendered thereby, which the parties were entitled to have submitted to and determined by the jury. (Sec. 9327, Rev. Codes 1921.)

A trial by jury contemplates the determination of all the issues of fact in a case in the form of a verdict. (28 Am. & Eng. Ency. of Law, 640.)

Only one of the material questions of fact raised by the pleadings in the case, namely, whether the defendants employed the plaintiff to secure a purchaser for the property described in the complaint, and agreed to pay him five per cent of the selling price thereof, was submitted to the jury. Whether the plaintiff performed his part of the alleged contract by advertising, canvassing, and soliciting for a purchaser who would be willing to buy the property; whether he did in fact secure prospective purchasers and introduce them to the defendants; and whether or not, as a result of any services rendered by the plaintiff to or for the defendants, their property was in fact sold, as alleged in the amended complaint—are issues which were not submitted to or determined by the jury upon the trial.

As the case now stands, no verdict has been rendered; no determination of the issues of fact raised by the pleadings has been made; and no trial of the action, as contemplated by the statute, was had. There was only a mistrial.

When a jury is discharged without a verdict, the proceeding is properly known as a mistrial. (*Fisk* v. *Henarie* (C. C.), 32 Fed. 427.) Moreover, under the statutes of this state there [3] is no warrant for a judgment "notwithstanding the verdict" in a law case.

It is apparent from the foregoing statements that the court erred in entering judgment dismissing the plaintiff's complaint.

Under the circumstances disclosed by this record, "it is neither necessary nor proper to consider the other assignments of error." (*Murray* v. *Hauser*, 21 Mont. 120, 53 Pac. 99.)

For the reasons above indicated, we recommend that the judgment and order appealed from be reversed and the cause remanded, with directions to the district court to grant a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and the cause is remanded, with directions to the district court to grant a new trial.

*Reversed and remanded.*