MATH DASINGER, SR., Plaintiff and Appellant, *v.*
CORA INGLIS ANDERSEN, Defendant and Respondent.
No. 9917.
Submitted November 6, 1959. Decided December 15, 1959.
347 Pac. (2d) 747.

278

See **C. J. S.** Damages, § 198.

Brattin, Habedank & Cumming, Otto T. Habedank, Sidney, for appellant. Otto T. Habedank argued orally.

Sanders & Cresap, Paul H. Cresap, Sidney, for respondent. Paul H. Cresap argued orally.

MR. CHIEF JUSTICE HARRISON:

Plaintiff brought this action to recover damages sustained by reason of a fall. It was alleged that while plaintiff was crossing a street in Sidney, Montana, on the pedestrian crosswalk, he was struck by an automobile negligently driven by the defendant, and thereby thrown to the street.

Plaintiff prayed for general damages in the amount of $17,-500 and for special damages in the amount of $365.25.

Trial was had and the jury rendered a verdict for the plaintiff, allowing him $1,000 general damages and $365.25 special damages.

From an order denying plaintiff's motion for a new trial, and from the judgment awarding him $1,365.25 and costs, plaintiff appeals.

Many of plaintiff's assignments of error relate to the giving or refusing of instructions dealing with negligence, contributory negligence, or the application of a city ordinance.

R.C.M. 1947, section 93-3909, provides that no judgment shall be reversed or affected by reason of error which does not affect the substantial rights of the parties. This statute commands that error be disregarded unless it affects substantial rights, and the giving of an erroneous instruction will be disregarded where it does not affect the verdict. Maynard v. City of Helena, 117 Mont. 402, 410-412, 160 Pac. (2d) 484. Since the instructions involved deal only with matters affecting the question of liability, their adoption or refusal could not have prejudiced the plaintiff since the jury found in his favor on that issue. Therefore, these instructions will not be further considered.

It is also assigned as error that the court refused to give an instruction offered by plaintiff which set forth his injuries in detail as alleged in the complaint, and that by such refusal the court failed to submit to the jury a complete statement of all the issues in the case.

Plaintiff offered an instruction approximately seven pages in length which set forth substantially each and every allegation of his complaint along with the substance of defendant's answer. Included in this proposed instruction was plaintiff's allegation of the injuries he sustained, drawn with great particularity, and approximately two and one-half pages in length. Defendant's objection to this instruction, on the ground that it was too lengthy, was sustained. Defendant's statement of the issues was given as Instruction No. 1. Included in this instruction was the following:

"The plaintiff further alleges that as a direct and proximate result of defendant's negligence as herein alleged, plaintiff suffered an abrasion of the left hand, a severe contusion of the left shoulder, a contusion and laceration of both knees, and an impact fracture of the surgical neck and head of the left humerus."

Plaintiff claims that this statement was insufficient to place before the jury all the issues as to damages and that therefore he was wrongfully prevented from having a fair trial on these issues.

R.C.M. 1947, section 93-4905, provides that issues of fact must be tried by a jury, unless a jury is waived. A "trial by jury" requires that all material issues of fact be submitted to, and determined by, the jury. Best v. Beaudry, 62 Mont. 485, 489, 205 Pac. 239, 240. But this does not require that a statement of the issues as defined in the pleadings must be given. Paxton v. Woodward, 31 Mont. 195, 78 Pac. 215, 107 Am. St. Rep. 416; Wise v. Stagg, 94 Mont. 321, 331, 22 Pac. (2d) 308.

In addition to being given the aforementioned statement as

to damages, the jury were instructed on the issue of damages in Instructions 18, 22 and 23.

Instruction 18 states:

"You are instructed that in assessing damages for the plaintiff, if you so find, you should assess such amount as will actually compensate the plaintiff for the following:

"1. For special damages for reasonable expenses of doctors, hospitals, and other expenses in connection therewith to this date in a sum not exceeding Three Hundred Sixty-five and 25/100 Dollars ($365.25).

"2. For general damages sustained by the plaintiff including pain, suffering, temporary and permanent injuries and disability not exceeding the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00)."

Instruction 22 states:

"You are instructed that every person who suffers detriment from the unlawful act or omission of another may recover from the person involved, a compensation therefor in money, which is called damages. Detriment is a loss or harm suffered in person or property. For the breach of an obligation not arising from contract, the measure of damages is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

Instruction 23 states:

"You are instructed that if you find for the plaintiff, Math Dasinger, Sr., then in determining what damages, if any, you are to give him for his personal injuries, if any, he received as set out in the complaint, you must take into consideration that these damages are in their nature somewhat uncertain of estimate, but that the law imposes upon the jury the duty of endeavoring to fairly and truly determine what amount of money will compensate the injured person and it is not necessary that any witness shall have expressed an opinion as to the amount.

"In assessing the damages, if any, for such personal injuries, if any, you may award him such damages in such sum as in

your judgment will fairly and reasonably compensate for the injuries he has received and in determining the damages you may consider the extent to the permanency of such injuries, if any; the impairment of the plaintiff's physical abilities, if any, and the pain and suffering caused by such injuries, if any.

"The law does not require that the plaintiff present any direct evidence to show the amount of money which would reasonably compensate for the personal injuries the plaintiff has received. All that is necessary is to show to the jury the extent of the injuries, if any, and that they were proximately caused by the negligence of the defendant, then it is for the jury to determine the amount of which ought to be awarded to the plaintiff therefor, not exceeding the amount prayed for in that behalf."

Evidence of the injuries complained of and of the alleged resulting disabilities was before the jury. We think that under the instruction given, the issue of the extent of plaintiff's injuries and the disabilities resulting therefrom was before the jury and that plaintiff was not deprived of a jury trial thereof.

The last specification of error to be disposed of raises the question of whether the court erred in denying plaintiff's motion for a new trial on the ground that the evidence does not sustain the verdict, or, in other words, that the award was inadequate.

Here, the evidence is that plaintiff was 69 years of age at the time of the accident, and had been retired for about three years. He received no salary, but retained a partnership interest in a cleaning and laundry business with three of his sons. He stated since his retirement he enjoyed doing certain work in the shop, being alterations and measurement for suits, and since he retired such work as he did was what he liked to do and not what he had to do. He estimated the business loss by reason of his inability to do the occasional things he had theretofore done to be $1,000, his interest being one fourth, it would amount to a loss of profits to him personally of $250. As a result of the accident he received the injuries as hereinbefore stated and resulting pain and suf-

fering, though he spent but three days in the hospital and made approximately sixteen office calls to his physician for treatment.

While plaintiff contends the award given by the jury is inadequate, it must be remembered that the district judge and jury had the benefit of hearing and observing the plaintiff and other witnesses and we cannot substitute our judgment for that of the jury unless it appears that the award is so grossly out of all proportion to the injury received as to shock the conscience. The award here, under the fact situation existing, does not "shock the conscience."

For the reasons stated the judgment is affirmed.

MR. JUSTICES ADAIR and CASTLES concur.

MR. JUSTICE ANGSTMAN concurring specially:

I concur in what is said in the foregoing opinion, but I think to be consistent the court should overrule the majority opinion in Seibel v. Byers, 136 Mont. 39, 344 Pac. (2d) 129.

There is necessarily implied in the holding in the Seibel case that a judgment is not divisible so that this court may consider the question of liability in a tort action separate and apart from the question of damages.

I think the court was wrong in that case, as I pointed out in my dissenting opinion therein. It seems to me now that the court is considering the two issues separately and as if they may be divided for separate consideration, contrary to the majority opinion in the Seibel case.