## BARKLEY, respondent, v. LOGAN, appellant.

APPEAL — *notice — jurisdiction — no appeal from part of a judgment.* The notice of appeal controls the jurisdiction of the appellate court. The sections of the statute conferring jurisdiction must control that which provides how an appeal shall be taken. An appeal from only a portion of a decree or final judgment is not authorized by statute, and cannot be entertained. The appellate court must have jurisdiction of the whole of a judgment to review any portion thereof; the modification of one portion might require the modification of the whole.

*Appeal from First District, Jefferson County.*

CHUMASERO & CHADWICK and SHOBER & LOWRY, for appellant.

JOHNSTON & TOOLE, for respondent.

Appellant cannot appeal from part of a decree. This court must have the whole case before it to make a proper modification.

The present appeal will not authorize a review of any errors assigned.

WADE, C. J.    This is an action for a perpetual injunction to restrain appellants from the use of certain waters of Indian creek, Jefferson county.    It appears that respondent and appellants are the owners of ditches that convey the waters of said creek to the mines in the vicinity.    The findings of facts by the court show the ownership of the ditches, the dates of their construction, their carrying capacity, in miners' measurement, and their priorities. The decree is based upon such findings.

The appellants, being satisfied with the greater portion of the decree, gave notice of an appeal from that part which awarded priority to the ditch known as the Cedar Gulch ditch over that known as the South Bowman ditch.

The first question for determination is this: Can an appeal be taken to this court from a part of a final judgment?    Can a judgment be severed into distinct parts and an appeal be taken from each, at different times, without bringing the whole judgment before the appellate court?    The appellants have appealed from a part of the judgment now, but this does not preclude the possibility of an appeal by them at another time from some other portion of the decree.

The appellate jurisdiction of this court is defined by law, and the statutes confer jurisdiction in a particular manner in certain cases.    In no other way than by following the law can this jurisdiction be acquired.

Sections 369 and 380 of the Practice Act define the appellate jurisdiction of this court, and, in substance, declare that an appeal may be taken from a final judgment; from an order granting or refusing a new trial; from an order granting or dissolving an injunction, or attachment; from any special order made after final judgment, and from interlocutory judgments in actions of partition.    In these and in no other cases has this court appellate jurisdiction.

How is this jurisdiction acquired?    Section 370 of the Practice Act provides, that an appeal shall be made, by filing with the clerk of the court in which the judgment or order appealed from is

entered, a notice, stating the appeal from the same, or some specified part thereof, and serving a copy of the notice upon the adverse party, or his attorney. The notice defines what is appealed from, and controls the jurisdiction of the appellate court. If the appeal was from a final order made after judgment, it would not bring the judgment before the court; if it was from a part of a decree, it would not give jurisdiction to this court over the whole decree.

We do not think the statutes contemplate an appeal from a part of a judgment. Sections 369 and 380 define the appellate jurisdiction; and section 370, providing how an appeal shall be taken, does not enlarge this jurisdiction. The sections conferring jurisdiction must control, instead of what is incidentally said in the section providing how the appeal shall be taken.

When an appeal is taken from a judgment, it must be from the whole of it. The statute does not authorize the taking of a judgment into an appellate court for review by piecemeal. The appeal must bring the whole judgment before the appellate court. This court cannot reverse or affirm the fragment of a judgment. Jurisdiction for this purpose has not been conferred. If the whole decree is not before this court, how can it know the effect of its action, in reversing or affirming a portion of it, upon the remainder over which this court has no jurisdiction, because there is no appeal therefrom?

The appellants appeal from that part of the decree which gives priority to the Cedar ditch over the Bowman ditch. What effect would a reversal of this part of the decree have upon the remainder thereof? We cannot say. The decree is not here so that we can notice it. Would such a reversal require a modification of the other part of the decree? It might. We cannot modify it while the main portion of the judgment is in the district court and subject to its jurisdiction. Suppose we should reverse the part of the decree appealed from, and send it back for a new trial, and the appellants should then appeal from another portion of the decree, where would the case end? When would the rights of the parties be finally determined?

We hold that this court, under the statute, has no jurisdiction to hear an appeal from a part of a final judgment, unless the whole judgment is before it. The whole judgment must be

appealed from to give this court jurisdiction over any particular portion. In *Canter* v. *American Ins. Co.*, 3 Pet. 316, Mr. Justice STORY says: "It is of great importance to the due administration of justice, and is in furtherance of the manifest intention of the legislature, in giving appellate jurisdiction to this court upon final decrees only, that causes should not come up here in fragments upon successive appeals. It would occasion very great delays and oppressive expenses." And the principle applies as well to successive appeals from portions of a final decree as to appeals upon matters arising before the final decree is rendered. In the latter case the appeal is not allowed, because the final decree has not been rendered, and in the former case the appeal should be disallowed, because it only brings fragments of the decree before the court. For the purpose of determining the rights of the parties, the portion not appealed from may as well never have been rendered.

Freeman on Judgments, says (§ 33): "The policy of the laws of the several States, and of the United States, is to prevent unnecessary appeals. The appellate courts will not review cases by piecemeal." He is speaking of appeals before final judgment, yet we believe that the same reasons apply to prevent piecemeal appeals after final judgment. This must be the case where the statute specially prohibits such appeals, by authorizing an appeal from a final judgment, which can only be construed to mean the whole thereof.

The party appealing must bring the whole decree before the appellate court, otherwise it has no jurisdiction to hear the case, and may specify, in his notice of appeal, the portion of the decree he wishes to reverse. He cannot sever the decree, and leave that portion of it favorable to himself in force in the district court, and appeal from that portion adverse to him.

There being then no appeal authorized by the statute, it is dismissed, and this cause is stricken from the calendar.

*Appeal dismissed.*