PLAISTED, appellant, *v.* NOWLAN, respondent.

CASE AFFIRMED. The case of *Barkley* v. *Logan, ante,* 296, holding that an appeal cannot be taken from a part of a judgment, affirmed.

SUPREME COURT — *appellate jurisdiction.* The Civil Practice Act has superseded the rules of the high court of chancery in England, and does not allow an appeal from " every actual determination " of the court below.

STAY OF EXECUTION — *judgment.* No part of the judgment can be executed, if the proper undertaking to stay the execution has been given.

CROSS-APPEALS — *transcript.* Every party to an action can appeal from the judgment, and must prepare his transcript for this court.

*Appeal from Second District, Deer Lodge County.*

THE judgment was entered by KNOWLES, J.

CHUMASERO & CHADWICK, for appellant.

An appeal will lie from a portion of a judgment or decree when the same is partly against and partly in favor of the appellant. A party is not compelled to bring up the part of the decree that is in his favor.

The decision of *Barkley* v. *Logan, ante,* 296, is the only one to the contrary. The statute of New York is the same as our own, and the decisions and works of practice hold that an appeal can be taken from a part of a judgment. Van Santvoord's Eq. Pr. 652–3, and cases cited; Miller's Pl. & Pr. 706; 1 Barb. Ch. Pr. 382, 383; 1 Monell's Pr. 737; 2 id. 15; *Cuyler* v. *Moreland,* 6 Paige, 275; *Hone* v. *Van Schaick,* 7 id. 221.

Statutes giving the right of appeal are construed liberally toward the appellant, so that decisions may be reviewed and errors corrected.

CLAGETT & DIXON, for respondent.

BLAKE, J.   This case is before us upon the objections of the respondent, Nowlan, to the right of the appellant to be heard on the errors assigned in the transcript. It is claimed by the respondents, and admitted by the appellant, that this is an appeal from a certain part of a decree, and the respondent relies upon the authority of *Barkley* v. *Logan, ante,* 296, to sustain his position. The counsel for the appellants in that action have been allowed to submit an argument on their motion for a rehearing, which involves an examination of the same question. It will not be necessary to consider the other grounds referred to by the respondents, if we affirm *Barkley* v. *Logan.*

The appellate jurisdiction of this court is regulated by the laws of the Territory, which must be consistent with the constitution of the United States and the Organic Act. Parties who complain of errors committed by inferior tribunals must comply strictly with the provisions of the Civil Practice Act, which prescribe the manner of taking appeals to this court. Courts do not assume jurisdiction, and a judgment that has been rendered by a court which has exceeded its jurisdiction, is void. *Creighton* v. *Hershfield,* 1 Mon. 649. The only subject which we can consider in determining this jurisdictional question is, the mode of taking appeals to this court under the statute.

We intend to avoid as much as possible the repetition of the reasons by which the court arrived at its conclusions in *Barkley* v. *Logan.* The appellant has called our attention to the decisions of the courts of New York, which appear to be in conflict with the views of this court. To ascertain the weight to which they are entitled, we must examine the laws of that State, which limit the jurisdiction of its courts. It has always been the practice of their courts to allow an appeal from a portion of a decree, especially in equity cases. 1 Van Santvoord's Eq. Pr. 653. They followed the rules of the high court of chancery in England, which

holds that a party who appeals from any part of a judgment admits the remainder to be correct. 2 Danl. Ch. Pl. 1547. The eleventh section of the Code provides that the court of appeals shall review "every actual determination" made by certain courts. "The supreme court has all the powers of the supreme court and the former court of chancery." Voorhies' Code, § 17, n. *a*, and cases there cited. The legislature of New York declared the jurisdiction and power of the court of chancery to be co-extensive with that of the high court of chancery in England, with certain limitations. 1 Van Santvoord's Eq. Pr. 4. All the decisions of the courts of this State, which have been cited by the appellant, are based upon the statutes and equity practice, and are not applicable to this case. Our Civil Practice Act does not authorize appeals from "every actual determination" of the court below, and the rules of the high court of chancery in England cannot be regarded in this Territory, in which there is one form of civil action in law and equity. They have been superseded by our Practice Act. *Cordier* v. *Schloss*, 12 Cal. 147.

The appellant cites, also, Miller on Pleading, 706. This author has stated substantially sections 3177 and 3178 of the Code of Iowa. The notice of appeal must define the part of the proceedings appealed from. It is stated that an appeal from a part of a judgment will not disturb or delay the rights of any party to the judgment or part of the judgment not appealed from, but the same will proceed as if no such appeal had been taken. There are other sections which contain the same clauses relating to appeals from part of a judgment, and the intention of the law makers is clear and certain. But the language of our Civil Practice Act is different, and does not admit of this interpretation. The time within which appeals can be taken, the character of the notice and appeals which are allowable, have been carefully defined. Civ. Pr. Act, §§ 369, 370, 380. The effect of these sections has been discussed fully in the opinion in *Barkley* v. *Logan*, and we deem it sufficient to refer to the views expressed therein as sound.

There are other sections which may be considered in this connection. On an appeal from a final judgment, the appellant must furnish the court with a transcript of the notice and undertaking on appeal, the judgment and other papers ; and on other appeals

the appellant must furnish this court with copies of the notice and undertaking on appeal, the judgment and other papers. Civ. Pr. Act, § 379. The appeal may be dismissed if the appellant fails to furnish these papers. It will not be contended that the appellant complies with these provisions by furnishing this court with a transcript or copy of a part of a notice or undertaking on appeal. And yet the same reasons which can be urged in favor of such a proposition are applicable to the party who maintains that he can bring before us for review a part of the judgment of the court below.

This construction is sustained by the comparison of the sections which regulate undertakings on appeal. They provide that the execution of the judgment appealed from shall not be stayed, unless certain undertakings have been given. Civ. Pr. Act, §§ 381 to 386 inclusive. The phrase, " the judgment or order appealed from," is used frequently, but there is no language similar to that which is found in the Iowa Code, and states that an undertaking can be given to stay the execution of a part of a judgment. Under our statute the judgment, and every part thereof, cannot be enforced after the proper undertaking on appeal has been filed. All proceedings in the court below are suspended after an appeal has been properly taken to this court. *Thornton* v. *Mahoney,* 24 Cal. 583; *People* v. *Frisbie,* 26 id. 135. If the legislative assembly contemplated that an appeal could be taken from a part of a judgment, the statutes would have been enacted allowing the giving of an undertaking to stay the execution of a part of a judgment, and then the part which was not appealed from could be enforced. The absence of these provisions can be accounted for in only one way. It is the intention of the legislators that appeals shall be taken from the whole judgment, and not a part thereof.

The appellant insists that there can be no cross-appeals if this construction of the Practice Act is adhered to. In California the supreme court holds, under the same statute, that each party who appeals must present his own record, which must be prepared according to the requirements of the Civil Practice Act. All the parties to the action can appeal from the judgment of the court below; but every respondent can only be required to

respond to the record which the appellant has served upon him. *Gates* v. *Walker*, 35 Cal. 289.

Counsel remarked during the argument that there is no case in the California Reports which discusses this question. Assuming that this statement is correct, the omission can be explained satisfactorily. In all the causes in which the notice of appeal has been published the same form has been adopted substantially, and the aggrieved party appeals from the judgment made and entered in the court below, and the whole thereof. 2 Bancroft's Forms, 552.

In the cases which have been heard in the supreme court of the United States, we have not discovered one in which an appeal has been taken from a part of the judgment. The language of the Judiciary Act is the same in effect as that of our Organic Act and Practice Act, respecting appeals from final decisions or judgments.

The motion for a rehearing in *Barkley* v. *Logan* is denied, and the appeal in this case is dismissed.

*Appeal dismissed.*