McNINCH, Respondent, v. CRAWFORD et al., Defend-
ants; COOK et al., Appellants.

(No. 1,853.)

(Submitted April 18, 1904.   Decided May 4, 1904.)

*Water Rights—Actions—Parties—New Trial—Grounds—No-
tice of Intention.*

1.  In an action under Civil Code, Section 1891, to settle the relative priorities
    and rights of the parties to the use of the waters of a stream, every party
    to the suit is an antagonist of every other party.
2.  Under a notice of intention to move for a new trial, specifying as grounds
    the insufficiency of the evidence to justify the decision of the court as
    regarded plaintiff, the appealing defendant could not urge an objection
    to the sufficiency of the evidence to sustain the decision in favor of an-
    other defendant.

*Appeal from District Court, Beaverhead County; M. H.
Parker, Judge.*

Action, under Civil Code, Section 1891, by Clark McNinch
(substituted for Mattie Z Farrington), against C. E. Crawford,
Mary McKnight, M. J. Martinell, M. Dowling and Stephen
Cook.   From the decree rendered, and from an order denying
a new trial, defendants Dowling and Cook appeal.   Affirmed.

*Mr. W. S. Barbour, Mr. W. Y. Pemberton,* and *Mr. H. L.
Maury,* for Appellant Stephen Cook.

*Mr. Robert B. Smith,* and *Mr. Edward C. Smith,* for Re-
spondent Clark McNinch.

*Mr. Edwin Norris,* for Respondent Mary McKnight.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This action was commenced in the district court of Beaver-
head county by Mattie Z. Farrington against several defendants

to have determined the relative rights of the parties to the use of the waters of Sage creek. The answering defendants appeared and filed separate answers and cross-complaints controverting the allegations of the plaintiff's complaint, and every one setting forth his right, and putting in issue the allegations of every other cross-complaint. The cause was tried without a jury. The court made findings of fact and conclusions of law, and entered a decree in accordance therewith. Before the trial, Clark McNinch succeeded to the rights of the plaintiff, and was substituted for her. The court determined the dates and amounts of the appropriations made by the several parties. To the plaintiff was decreed the right to the use of 100 inches of water appropriated October 3, 1883, and to defendant Mary McKnight 250 inches appropriated June 1, 1885. Two of the defendants, Cook and Dowling, made a motion for new trial; and from the order overruling this motion, and from the decree entered, they appealed.

In their notice of intention to move for a new trial, the appellants specify the following grounds: (1) Accident and surprise which ordinary prudence could not have guarded against; (2) newly discovered evidence; (3) insufficiency of the evidence to justify the decision of the court, in this: that the testimony given on the trial shows that the plaintiff has no reasonable use for the waters of Sage creek, that his right had been abandoned, and that it is barred by operation of law; and (4) that the decision of the court is against law.

Appellant Dowling appears to have abandoned his appeal. At least, he has made no appearance in this court.

In his brief filed herein, appellant Cook waives all grounds of the motion for new trial except the ground of the insufficiency of the evidence to sustain the decision of the court as to the rights of plaintiff and defendant Mary McKnight. An examination of the notice of intention to move for a new trial, above, discloses that no objection is made to the decision of the court awarding defendant Mary McKnight her water right on the

ground of the insufficiency of the evidence to support it. That objection is lodged against the decision of the court making an award to the plaintiff McNinch only.

Every party to this suit was an antagonist of every other party, and while a ground of notice of intention to move for a new trial, specifying generally insufficiency of the evidence to support the decision of the court, would doubtless have been sufficient to enable the appellant to urge that objection as to any or all of the court's findings, if otherwise properly presented, yet appellant saw fit to limit that objection to the decision of the court affecting the plaintiff only; and he must now be bound by that notice, and cannot, in the specification of errors in his statement on motion for a new trial or in his brief, insist on any ground of the motion not comprehended within this notice of intention to move for a new trial. Under this notice of intention, then, we are of the opinion that appellant cannot now be heard to urge the objection of insufficiency of the evidence to sustain the decision of the court made in favor of defendant Mary McKnight, and, as all other grounds of the motion are waived, that portion of the court's decision is before us unchallenged.

It is urged that the evidence is insufficient to support the decision of the court in so far as it affects the rights of the plaintiff McNinch. We have examined the record, and are of the opinion that there is sufficient evidence to sustain the court in its decision in this behalf.

The judgment and order are affirmed.

*Affirmed.*