IN RE BITTER ROOT IRRIGATION DISTRICT. BITTER
ROOT IRRIGATION DISTRICT ET AL., APPELLANTS, *v.*
COONEY, RESPONDENT.

(No. 5,195.)

(Submitted May 7, 1923. Decided June 8, 1923.)

[218 Pac. 945.]

*Irrigation Districts—Extension—Judgment — Record on Appeal—Review of Evidence—Bill of Exceptions.*

Irrigation Districts—Extension—Record on Appeal.
    1. A proceeding under sections 7166 *et seq.*, Revised Codes for the extension of an irrigation district is neither an equity case nor a proceeding of an equitable nature, and therefore the testimony need not be presented in the transcript by question and answer, otherwise made necessary by subdivision 3 of Rule VII of the supreme court.

Judgments—Appeal from Part of Judgment—Exception to Rule.
    2. An exception to the general rule that an appeal does not lie from a part of the judgment is that class of cases where an issue distinct, entire and complete is formed between some of the parties

(436)

to an action and upon which issue a final judgment is given affecting only the interests and rights of the parties to that issue.

Irrigation Districts—Appeal from Part of Judgment—Inapplicability of Rule.

3. Under the above rules (par. 2), *held* in a proceeding, special in its nature, for the extension of an irrigation district, in which an objecting land owner appeared and protested against the inclusion of his lands in the proposed extension and its exclusion was ordered, that the appeal of petitioners from the order of exclusion was not subject to dismissal as from a portion of the judgment only, the issue between the protestant and the petitioners having been distinct, entire and complete, and the appeal having been from the whole judgment so far as protestant and petitioners were concerned.

Appeal from Judgment—Failure to have Bill of Exceptions in Record not Ground for Dismissal of Appeal.

4. Failure to have a bill of exceptions settled, filed and included in a transcript on appeal from a final judgment is not a cause for dismissal of the appeal.

Appeal—Special Proceedings—Order a Final Judgment.

5. Under section 9835, Revised Codes of 1921, providing that the final determination of the rights of a party to a special proceeding is a judgment, an order of the district court directing the exclusion of the lands of a protestant from a proposed extension of an irrigation district is a final judgment.

Appeal from Judgment—Review of Evidence—Bill of Exceptions Required.

6. On appeal from a final judgment the evidence and proceedings had at the trial can only be reviewed if incorporated in a bill of exceptions settled as provided in section 9390, Revised Codes of 1921, and therefore where there was no such bill and the evidence and proceedings were simply certified by the judge and clerk as provided in section 9745 on appeal from an order, review thereof cannot be had.

Irrigation Districts—Extension—Pleadings—Record.

7. In a special proceeding for the extension of an irrigation district, the petition, the jurisdictional notices with proof of service, the objections filed by protestants and the final judgment perform the same office as the complaint, summons, answer and judgment in an ordinary civil action.

*Appeal from District Court, Ravalli County; James M. Self, Judge.*

ACTION by the Bitter Root Irrigation District and others against Emma May Cooney. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Messrs. O'Hara, Madden & Carmody,* for Appellants, submitted a brief; *Mr. Robert A. O'Hara* argued the cause orally.

*Mr. F. C. Webster* and *Messrs. Mulroney & Mulroney,* for Respondent, submitted a brief; *Mr. E. C. Mulroney* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The Bitter Root Irrigation District was organized under the provisions of Chapter 146, Session Laws of 1909 as amended by Chapter 153, Session Laws of 1917 and Chapter 116, Session Laws of 1919, now embraced in sections 7166 to 7172, Revised Codes of 1921, by a decree of the district court of Ravalli county, dated December 9, 1920.

On June 2, 1922, H. D. Tudor, trustee, Thousand Acres Incorporated, a corporation, Ambrose Ranch Company, a corporation, L. J. Nordheim and S. P. Frost filed a petition in the above-named court, reciting that they were the holders of title or evidence of title to more than two-thirds of the lands therein described, all lying in Ravalli county, Montana, all susceptible to irrigation from the same general source, which was the system of supplying lands in the Bitter Root Irrigation District, and proposing an extension and enlargement of that district so as to embrace the land described in the petition. Certain lands belonging to Emma May Cooney were described, but she did not join in the petition.

Upon the filing of this petition an order was made setting the same for hearing and due notice thereof was given. At the time designated Emma May Cooney appeared and filed written protest against the inclusion of her lands in the proposed extension and enlargement of the district, upon the grounds and for the reason that the same were already under irrigation and had water rights appurtenant thereto and could be irrigated from sources more feasible than the district system; that she had acquired said land by mesne conveyance from the Bitter Root Valley Irrigation Company; that by said conveyances the Irrigation Company conveyed a right to the perpetual use of sufficient water for the irrigation of her lands, which rights were appurtenant to and ran with such lands and

which covenants were declared to be binding upon the parties
to said deeds and their successors and assigns; that the Ra-
valli Water Company was the successor in interest of the Irri-
gation Company and that the irrigation district acquired what-
ever rights it had to the use of the water system which it oper-
ated by a lease or contract from the Ravalli Water Company
long after she acquired her lands and water rights, and that
the irrigation district acquired whatever rights it had with
notice and knowledge of her rights and subject and subordi-
nate thereto. As a further ground of protest she set forth that
at the time of the creation of the irrigation district her lands
were sought to be included therein, at which time she protested
against the same and, after hearing thereon, her lands were
by order of the court expressly excluded and excepted from
said district; that the time for appeal from said order had
expired and no appeal had been taken, and for that reason
the same cause involved in this proceeding had been finally
adjudicated and determined by the court. For this reason
she prayed that her lands be excepted and excluded from the
district.

A hearing was had upon this petition and protest, as a result
of which a judgment was entered in the proceeding granting
the prayer of the petition except as to the lands of Emma May
Cooney, and her protest was sustained and her lands were ex-
pressly excepted and excluded from the district by the judg-
ment of the court. Thereafter, and in due time, the irrigation
district and the petitioners served and filed their notice of
appeal to this court "from so much of said judgment or order
made, rendered, given and entered in the above-entitled pro-
ceeding on the tenth day of July, 1922, which excepts and ex-
cludes the lands of the said objector, Emma May Cooney, from
said irrigation district."

The respondent, Emma May Cooney, has moved this court to
dismiss this appeal upon three grounds:

1. That the testimony in the transcript has been reduced
to narrative form and is not presented in the form of question

and answer as required by subdivision 3 of rule VII of this court when questions of fact in equity cases or proceedings of an equitable nature are to be submitted to the court for review.

2. That the appeal is from a portion of the judgment instead of from the whole thereof.

3. That no bill of exceptions was prepared, served or filed and none included in the transcript, and therefore the evidence in the case is not properly or at all before this court.

As to the first ground of the motion it will suffice to say [1] that this is strictly a special proceeding under the statute and is neither an equity case nor a proceeding of an equitable nature; it does not call for the exercise of any principle of equitable jurisdiction. Upon the filing of the petition and giving the proper notice, jurisdiction of the proceeding is acquired by the court and, upon certain specified facts being established on the hearing, the judgment to be made follows as a matter of course.

In support of the second ground of the motion counsel cite [2, 3] the cases of *Barkley* v. *Logan*, 2 Mont. 296, and *Plaisted* v. *Nowlan*, 2 Mont. 359, in each of which this court held that an appeal will not lie from a part of a judgment. The case of *Largey* v. *Sedman*, 3 Mont. 472, was an appeal from a decree of foreclosure in which two of the defendants defaulted and the case was tried and findings of fact were made upon issues joined by a third defendant and a decree entered authorizing the sale of the real estate, and this third defendant thereupon appealed "from the whole of said judgment against appellant for costs of suit and from the whole of said judgment and decree affecting the interest of appellant in and to said property." On motion to dismiss the appeal the court distinguished the two cases cited above, and said: "The only issue tried in the case had relation to his [appellant's] interest in the property and the judgment rendered was adverse to him. His appeal therefore is equivalent to and is an appeal from the whole judgment and decree and does not come within the principle laid down in *Barkley* v. *Logan,* and *Plaisted* v. *Now-*

*lan.''* We think the instant case comes within the rule of *Largey* v. *Sedman.* The only contest here was between the petitioners and the objector, Emma May Cooney.

In Elliott's Appellate Procedure, section 99, it is said: "There is a class of cases which apparently form an exception to the general rule that an appeal will not lie from a part of a case. * * * The class to which we refer is composed of cases where an issue distinct, entire and complete is formed between some of the parties and upon which issue a final judgment is given affecting only the interest and rights of the parties to that issue." Here the issue between the petitioners and objector was "distinct, entire and complete." It was in no way dependent upon the determination of any issue between the petitioners and any other person whose land was sought to be included in the district. In all essential particulars it was the same as though it were an independent proceeding. between petitioners and the objector, and it therefore appears to us that the appeal is equivalent to, and is, an appeal from the whole judgment so far as these parties are concerned.

As to the third ground of the motion to dismiss, *viz.*, that no [4] bill of exceptions was ever settled or filed and none included in the transcript on appeal, we will only remark that this is not a cause for the dismissal of an appeal from a final judgment. The motion to dismiss the appeal is therefore denied.

Section 7189, Revised Codes of 1921, which points out the [5] method of procedure for the extension and enlargement of an irrigation district, provides for the filing of a petition, the designation of a time for hearing the same and, if the same be granted or denied, the making and filing of an order, and provides further: "The order of the district court shall be final and conclusive * * * unless appealed from to the supreme court within ten days after the entry of the order."

By the provisions of section 9835, Revised Codes of 1921, the final determination of the rights of a party to a special proceeding is a judgment.

Section 7255, Revised Codes of 1921, which has to do with the general rules of procedure in reference to irrigation district matters, declares: "The rules of pleading and practice provided by the Code of Civil Procedure which are not inconsistent with the provisions of this Act are applicable to all actions and proceedings here provided for."

As above indicated, this is an appeal from a final judgment [6] and it is sought to have the court review the evidence and proceedings at the trial. There is no bill of exceptions included in the transcript, but the evidence and proceedings had at the trial are certified by the clerk and judge as provided in section 9745 on an appeal from an order.

Under the provisions of section 9390 a party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, must have the same incorporated in a bill of exceptions, settled as therein provided. Such being the case, this court cannot now consider the evidence and proceedings at the trial [7] and has before it only the petition, the jurisdictional notices with proof of service of the same, the objections filed by Emma May Cooney, and the final judgment excluding her lands from the district. These papers perform the same office in this proceeding as the complaint, summons, answer and judgment in an ordinary civil action. (*In re Crow Creek Irr. Dist.*, 63 Mont. 293, 207 Pac. 121.)

There is nothing properly before this court except the above-mentioned papers, which in effect constitute the judgment-roll, and as to them no error is predicated or objection made. An examination of them discloses that they are sufficient to support the findings, and it follows that the judgment entered must be affirmed, and it is so ordered.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Holloway and Galen concur.