LOHMAN, APPELLANT, *v.* POOR ET AL., RESPONDENTS.

(No. 5,300.)

(Submitted September 18, 1923.   Decided November 1, 1923.)

[220 Pac. 1094.]

*Appeal and Error — Appeal from Portion of Judgment Unauthorized.*

> 1. The statute (sec. 9731, Rev. Codes 1921) permitting an appeal from a final judgment contemplates · an appeal from the whole thereof, and therefore an appeal from only a portion of it does not lie.

*Appeal from District Court, Toole County; John J. Greene, Judge.*

ACTION by E. G. Lohman against Daniel H. Poor and others. Judgment for plaintiff and plaintiff appeals from a part thereof.   Appeal dismissed.

*Messrs. McKenzie & McKenzie,* for Appellant, submitted a brief; *Mr. John McKenzie* argued the cause orally.

*Mr. R. W. Armour* and *Mr. S. J. Rigney,* for Respondents, submitted a brief; *Mr. Armour* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The disposition of this case hereafter made renders it unnecessary to make more than a brief statement of the facts disclosed by the pleadings and testimony.   Tracy E. Poor and Daniel H. Poor each owned a tract of land located in Toole county.   They had become indebted to divers persons and corporations, amongst them being the Emerson-Brantingham Implement Company, hereafter referred to as the implement company, and the Libby Lumber Company, hereafter referred to as the lumber company.   Various of their creditors had

---

1. Right to accept favorable part of decree, judgment or order, and appeal from rest of it, see note in 29 **L. R. A.** (**n. s.**) 1.

obtained liens upon their lands by mortgage or attachment. To enable them to pay off a portion of this indebtedness an agreement was entered into between Tracy E. and Daniel H. Poor and their creditors, including the implement company and the lumber company, by which Tracy E. Poor was to obtain a farm loan on his land for the sum of $2,200 and Daniel H. Poor was to obtain a farm loan on his land for the sum of $2,500, which loans should each be secured by mortgages, the creditors agreeing to release their liens so as to make the farm loan mortgages a first lien upon the respective lands. Applications for the farm loans were made by the Poors, who executed notes for the above amounts, and gave mortgages to secure the same, which were duly recorded in order to further the negotiations.

It was agreed that, after the money had been received on these farm loans, it should be distributed amongst the creditors in proportions which had been stipulated for. In further aid of the agreement of the parties and to accomplish the desired result, Tracy E. and Daniel H. Poor executed their joint note to the implement company for the whole amount due it, and likewise executed their joint note to the lumber company for the amount of its claim, and as security for the payment of these notes executed separate mortgages on their respective lands to the implement company and the lumber company. Both of these notes and all of the mortgages were left with John W. Coburn, an attorney at Cut Bank, Montana, by whom it was agreed they were to be held until the money from the farm loans had been received, when Coburn was to apply upon these notes that part of the proceeds of the farm loans which each was entitled to, and thereafter cause the mortgages to be recorded so that the implement company's mortgage would be a lien upon the Tracy E. Poor land immediately subsequent to the farm loan mortgage, and the lumber company mortgage was to be recorded so as to be a third lien on the Tracy E. Poor land; whereas the Daniel H. Poor mortgages were to be recorded so that the

lumber company's mortgage would be a lien on his land immediately subsequent to the farm loan mortgage, and the implement company's mortgage was to be recorded so that it would be a third lien thereon.

Through no fault of Daniel H. and Tracy E. Poor the negotiations for the farm loan were never completed, so that no money was ever received thereon. The implement company secured possession of the note and mortgages, which had been left with Coburn under the agreement above recited for its benefit, and assigned the same to the plaintiff herein, who commenced this suit to foreclose the mortgages. The lumber company never obtained actual possession of the note and mortgages, which had been executed in its favor and deposited with Coburn as above set forth.

The complaint in the action is in the ordinary form used in foreclosure proceedings, and alleges that the note and mortgages above referred to were executed and delivered to the implement company, and by it assigned to the plaintiff. The defendants, Tracy E. Poor and Walburga G. Poor, his wife, made no appearance in the action, and their default was duly entered. The other defendants filed separate answers, in which the circumstances surrounding the execution of the note and mortgages to the plaintiff's assignor and the delivery of the same to Coburn are set out in detail, but, aside from a formal denial of the execution of the same, presented to the court no question for determination, except whether the note and mortgages mentioned in the complaint had been delivered.

The case was tried to the court without a jury. At the conclusion of the testimony the court found as a matter of fact that the note and mortgages executed by Tracy E. and Daniel H. Poor to the implement company were delivered, and likewise found that the note and mortgages executed by these parties to the lumber company were also delivered, and also found that it was agreed between the parties that the mortgages were to have been recorded so as to establish their priorities in the order which has been hereinabove indicated;

and found all the facts generally in favor of the plaintiff. In the conclusions of law and in the decree entered in accordance therewith, the court directed that the Daniel H. Poor lands should be sold subject to the amount due, if any, on the mortgage to the lumber company.

The court's finding of fact No. 27, which is incorporated in the decree, is as follows: "That no evidence being given at the trial as to the amount of said mortgages to said lumber company, or the amount now due, if anything, thereon, the court makes no findings with reference thereto, and expressly reserves the right to hear evidence, permit further pleadings, and make additional findings, and render such decree or judgment with reference to the liens of defendants, Libby Lumber Company and Libby Yards Company, as is fair and equitable."

The decree in the action was entered on September 22, 1922.

[1]  The plaintiff has appealed "from that part of the judgment made and given in favor of plaintiffs and against said defendants   *   *   *   on September 22, 1922, in which it is ordered and adjudged that the following described land [here describing the Daniel H. Poor land]   *   *   *   be sold by the sheriff of said county of Toole, subject to the amount then due defendant Libby Lumber Company under its mortgage, *   *   *   and said plaintiff appeals from so much of said judgment as finds, concludes or adjudges that said defendant Libby Lumber Company had or has any mortgage on said land," *i. e.*, it is an appeal from a part of the judgment. The statute does not permit such an appeal to be taken.

Section 9731, Revised Codes of 1921, provides that "An appeal may be taken to the Supreme Court from the district court in the following cases: (1) From a final judgment entered in an action or special proceedings commenced in a district court, or brought into district court from another court."

In *Barkley* v. *Logan*, 2 Mont. 296, and *Plaisted* v. *Nowlan*, 2 Mont. 359, this court held that an appeal will not lie from part of a judgment, under a statute which was identical with

subdivision 1 of section 9731, *supra.* The second of the above
cases was decided at the January term, 1876. At the session
of the legislative assembly in 1877 the above-mentioned section
was amended so as to read: "From a final judgment, *or any
part thereof,* entered in an action. \* \* \* " (Sec. 431,
p. 157, Laws 1877.)

When the Codes were adopted in 1895, the words *"or any
part thereof"* (sec. 1722, Code Civ. Proc. 1895) were omitted
from this section, and, as so amended, the section was car-
ried down through the Revised Codes of 1907 (sec. 7098, Rev.
Codes 1907), and into the Revised Codes of 1921, without
change.

In the case of *Largey* v. *Sedman,* 3 Mont. 472, the notice
of appeal was from "the whole of said judgment against
appellant for costs of suit, and from the whole of said
\* \* \* decree affecting the interest of appellant in and to
said property." This was an appeal taken in a mortgage
foreclosure case on behalf of the only party appearing and
defending therein, and the court held that this was equivalent
to an appeal from the whole of the judgment, and therefore
did not come within the rule laid down in the *Barkley* and
*Plaisted Cases* above referred to.

In *Bitter Root Irr. Co.* v. *Cooney,* 67 Mont. 436, 218 Pac.
945, which was an appeal from an order creating an irrigation
district, by one of the persons whose lands were sought to be
embraced therein, a motion to dismiss the appeal on the
ground that it was from a portion of the judgment instead
of from the whole thereof, was denied. The court, after re-
ferring to the statute and cases above cited, held that the
facts took it out of the operation of the rule laid down in
*Barkley* v. *Logan* and *Plaisted* v. *Nowlan, supra,* and brought
it within the rule announced in *Largey* v. *Sedman, supra.*
Speaking of the position of the appellant Cooney and the
issue raised on the appeal, the court held that "it was in no
way dependent upon the determination of any isssue between
the petitioners and any other person whose land was sought

to be included in the district. In all essential particulars it was the same as though it were an independent proceeding between petitioners and the objector," and therefore that the appeal was equivalent to and was in fact an appeal from the whole of the judgment, so far as the parties to that appeal were concerned.

The reasonableness of the rule which forbids an appeal from a part only of a judgment is well illustrated in the case now under consideration. The findings and judgment as to the plaintiff's note and mortgages are not subject to review in this proceeding, because no appeal has been taken therefrom. If plaintiff's position as to the note and mortgages of the lumber company should be sustained without reference to the condition of its note and mortgages, the result of this appeal would be to sustain the plaintiff's note and mortgages, and defeat the lumber company's note and mortgages, although it is apparent from the record that all were given at the same time, under identical conditions, and with a like object in view.

Again, the court's finding No. 27 above quoted, which is incorporated in the decree, is not attacked or made the subject of review under the plaintiff's notice of appeal, so that, whether authorized or not, it remains operative whatever the result of this appeal may be. If upon the question now presented this court should sustain plaintiff's contention, it would have to order the decree of the lower court modified so as to direct a sale of the Daniel H. Poor land freed from the lumber company's mortgage, so far as the plaintiff is concerned. If, in the meantime, the lower court has exercised, or shall in the future exercise, the right, which it reserved by finding No. 27, to permit further pleadings to be filed, allow further evidence to be introduced, and has made or shall make an additional decree in the case wherein a sale of the Daniel H. Poor land under the lumber company's mortgage is ordered freed from the lien of plaintiff's mortgage, so far as the lumber company's mortgage is concerned, we would

have presented the anomalous situation of the same court in the same action making two orders of sale of the same property, under conditions diametrically opposed to each other. The law undertakes to prevent such a condition arising as the result of the determination of an appeal to this court.

Without an appeal from the whole judgment and having the entire record before it for review, the court cannot comply with section 8805, Revised Codes of 1921, which provides that "In equity cases, * * * the supreme court shall review all questions of fact arising upon the evidence presented in the record, * * * and determine the same, as well as questions of law. * * * "

The reason for the rule is well indicated in *Barkley* v. *Logan, supra,* in these words: "When an appeal is taken from a judgment, it must be from the whole of it. The statute does not authorize the taking of a judgment into an appellate court for review by piecemeal. The appeal must bring the whole judgment before the appellate court. This court cannot reverse or affirm the fragment of a judgment. Jurisdiction for this purpose has not been conferred. If the whole decree is not before this court, how can it know the effect of its action in reversing or affirming a portion of it upon the remainder, over which this court has no jurisdiction, because there is no appeal therefrom?"

Since the attempted appeal herein is not authorized by the statute, it is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

Rehearing denied December 3, 1923.