WILLS, RESPONDENT, v. MORRIS ET AL., APPELLANTS.

(No. 7,360.)

(Submitted September 18, 1935.   Decided October 17, 1935.)

[50 Pac. (2d) 858.]

*Mr. Elmer E. Hershey,* for Appellants, submitted a brief and argued the cause orally.

*Mr. Walter L. Pope* and *Mr. S. P. Wilson,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This was an action brought to secure a complete adjudication of the water rights of the plaintiff and defendants to the waters of Union Creek and its tributaries located in Missoula county. Union Creek is a tributary of the Blackfoot River. By appropriate pleadings the various parties set up their claims for appropriation made by themselves or their predecessors. The action was tried to the court. Findings of fact and conclu-

sions of law were made and filed, and thereafter a decree was entered in conformity therewith.

This appeal is on behalf of the defendant H. W. Morris as to rights claimed by him, and also by the defendants J. S. and F. M. Bennett, who claim certain rights jointly. These defendants in their notice of appeal, after reciting the entry of the judgment, the fact that they appeal therefrom to this court, and that certain water rights were awarded and decreed to the plaintiff and these defendants, state: "And said defendants hereby appeal from that specific part of said judgment and decree wherein plaintiff was awarded certain rights [describing them], and also that specific part of said judgment and decree relating to the rights of the defendants [naming the appellants]."

These appellants prepared, served and presented to the trial court for settlement a proposed bill of exceptions, which included the testimony taken on the trial and certain of the exhibits relating to the rights enumerated in the notice of appeal, but omitted therefrom all of the other evidence in the case. The plaintiff and certain of the defendants objected to the settlement of the bill. The trial court declined to settle the proposed bill of exceptions, for the reason that it was "incomplete and fragmentary" and did not "sufficiently cover the matters sought to be considered" by this court. Thereafter appellants made an application, pursuant to section 9392, Revised Codes 1921, and the rules of this court, seeking to prove a proposed bill of exceptions. Leon N. Bulen, Esq., was appointed referee to hear the testimony or other proof, and to hear and allow, settle and certify a bill of exceptions in accordance with the facts, the law and the practice in such cases. The referee proceeded to hear the testimony, and the adverse parties sought to have the proposed bill amended by the inclusion of all of the testimony and documentary evidence received on the trial of the case, and objected to its settlement unless so amended. The referee then certified the proposed bill, together with all objections and proposed amendments, to this court, where it was,

with certain reservations, settled and allowed by the Chief Justice.

In the meantime plaintiff proceeded to the settlement of a bill of exceptions incorporating all of the proceedings had on the trial of the case, and perfected an appeal to this court (Cause No. 7,396, post, p. 514, 50 Pac. (2d) 862), which was heard on the same day as this cause, and which is this day decided.

Plaintiff has filed a motion to dismiss the appeal herein on numerous grounds. They in effect are only two in number and may be briefly stated as follows: (1) No appeal lies from a part of the judgment; and (2) this court will not on appeal review any of the evidence in the absence of all of it being presented to the court by a bill of exceptions or in some other appropriate manner.

In the case of *Lohman* v. *Poor*, 68 Mont. 579, 220 Pac. 1094, 1096, this court announced the rule, with some exceptions which we will hereafter notice, that under section 9731, Revised Codes 1921, an appeal from a portion of a final judgment will not lie. In the early case of *Barkley* v. *Logan*, 2 Mont. 296, and that of *Plaisted* v. *Nowlan*, 2 Mont. 359, the territorial supreme court held, under a section identical with subdivision 1 of section 9731, that an appeal would not lie from a part of a judgment. Subsequently, in 1877 (Laws 1877, p. 157, sec. 431), the section under which these cases were decided was amended by adding, after the words "final judgment," the words "or a part thereof," and in conformity with the amendment this court held, in *Bank of Commerce* v. *Fuqua*, 11 Mont. 285, 28 Pac. 291, 28 Am. St. Rep. 461, 14 L. R. A. 588, that an appeal would lie from a part of the judgment. It was pointed out in the *Lohman Case*, supra, that when the Code was adopted in 1895, the words "or any part thereof" were omitted from the section. The court, however, in its opinion there promulgated gave no consideration to the provisions of section 9733, wherein it is provided that "an appeal is taken by filing * * * a notice stating the appeal from the same [judgment], or some specific part thereof." The briefs filed in that cause did not cite the

section. The section corresponding to 9733 prior to our adoption of the Codes (section 450, First Div., Compiled Statutes of 1887) did not contain the words "or some specific part thereof," or other words of similar import. Unless an appeal may be perfected from a part of a judgment in some circumstances the words "or some specific part thereof," appearing in section 9733, are without meaning. Courts are commanded, in construing statutes, not "to omit what has been inserted." (Sec. 10519, Rev. Codes 1921.)

In construing section 940 of the California Code of Civil Procedure, the section corresponding to our section 9733, the courts of that state have held that where a judgment is divisible an appeal may be taken from some of its parts. (2 Cal. Jur. 154; *Ganahl Lumber Co.* v. *Weinsveig,* 168 Cal. 664, 143 Pac. 1025; *Whalen* v. *Smith,* 163 Cal. 360, 125 Pac. 904, Ann. Cas. 1913E, 1319.)

As we have observed, this court, in the case of *Lohman* v. *Poor,* supra, recognized certain exceptions to the rule there announced, in accordance with the previous decisions in the cases of *Largey* v. *Sedman,* 3 Mont. 472, and *Bitter Root Irr. Dist.* v. *Cooney,* 67 Mont. 436, 218 Pac. 945. In both of those cases appeals from parts of the judgment were sustained on the theory that the appealing party was only affected by certain portions of the judgment, and not affected by the portions from which no appeal was perfected, and that, since they appealed from all of the judgment affecting their rights, it was as to them tantamount to an appeal from the whole judgment.

Section 7105, Revised Codes 1921, declares that in water right actions the plaintiff may make "any or all persons who have diverted water from the same stream or source, parties to such action, and the court may in one judgment settle the relative priorities and rights of all the parties to such action." This section has been declared to be permissive and not mandatory. (*Sloan* v. *Byers,* 37 Mont. 503, 97 Pac. 855; *Bennett* v. *Quinlan,* 47 Mont. 247, 131 Pac. 1067.) Where all of the parties diverting water from a stream and its tributaries are

made parties to the action, every party to the suit becomes an antagonist of every other party. (*McNinch* v. *Crawford*, 30 Mont. 297, 76 Pac. 698.) Hence it logically follows that if two or more of the parties are awarded a water right under the terms of the decree, each receiving such award recovers a judgment against the other or others. Such a judgment is divisible into parts. Accordingly, we hold that where a judgment is divisible into parts, an appeal will lie from a part of the judgment, and whatever is said in the case of *Lohman* v. *Poor*, supra, to the contrary is overruled.

Plaintiff argues, however, that if the foregoing conclusion is conceded, nevertheless it is incumbent on a party perfecting such partial appeal to file a record bringing up all of the evidence in order to secure a review of it. Where the findings of the trial court are under attack, as in this instance, it is argued that the dates of appropriation are material, as they relate to the question of priority. (*St. Onge* v. *Blakely*, 76 Mont. 1, 245 Pac. 532.) We grant the correctness of the assertion made and the rule announced by this court in the *St. Onge Case.*

Also it is argued that under the authority of *Joyce* v. *McDonald*, 51 Mont. 163, 149 Pac. 953, 954, it is incumbent on the appellant, in equitable proceedings, to produce all the testimony. This court there declined to review the evidence where findings were under attack, because the evidence was a "brief narrative of that part of the evidence relating to the claims of defendants." The court then observed that "in proceedings of an equitable nature appellant must present all the evidence involving controverted questions of fact in the exact words of the witnesses."

If all of the testimony is presented to this court in question and answer form, with reference to the date of appropriation and its amount sought by appellant Morris, the testimony offered in support of a claimed appropriation by the defendant Hayes, or any of the other defendants, certainly cannot affect either the amount to be decreed or the date of the appropriation

awarded appellant Morris. True, if the defendant Hayes is awarded an earlier appropriation than Morris, the rights of the latter may be very materially affected, but not the date of his appropriation or its amount.

None of the proposed amendments or objections to the settlement of the bill attempted to point out any particular portions of the evidence omitted from the proposed bill which were peculiarly or particularly relevant to the water rights of the appellants. They were all to the effect that all of the evidence received on the trial, whether relevant to the rights of the appellants or not, should be included in the bill. If the respondents deemed that some portions of the record relevant to the rights of appellants were omitted, they were afforded ample protection by the proposal of appropriate amendments having for their purpose the incorporation of such omitted portions of the evidence in the bill. The motion to dismiss the appeal is denied.

The defendants Bennett sought the adjudication of a right to the waters of Blix Creek, which is within the watershed of Union Creek, and, at least in times of flood or freshet, the water from Blix Creek ultimately becomes a part of the waters of Union Creek. It is their contention that, except in times of flood or freshet, the normal flow of Blix Creek does not reach the watercourse of Union Creek. The plaintiff contends that if the waters in normal times, during the irrigation season, of Blix Creek are not used for irrigation, they, or some portion thereof, will ultimately flow into Union Creek. No one, aside from the defendants Bennett, asserted any rights to an appropriation directly from Blix Creek. The court found with reference to that creek as follows: "That Blix Creek, mentioned in the pleadings and the testimony herein, is a tributary of Union Creek and the waters of said Blix Creek naturally flow into said Union Creek." The defendants Bennett proposed the following finding with reference to the waters of Blix Creek: "That Blix Creek, mentioned in the pleadings and the testimony herein, is a dry course, except in springtime, of Union

Creek, and the waters of said Blix Creek flow into said Union Creek in a freshet in the spring.'',

Error is assigned by the defendants Bennett on the action of the court in making the above finding and in rejecting their quoted proposed finding. The witness Ray, testifying on behalf of the plaintiff as to certain maps which he had prepared with reference to the lands and ditches of plaintiff, after stating that his maps did not indicate the taking of any water from Blix Creek, said: "If there is any water it is in a freshet in the spring. It is a dry course except in the spring time." Thomas Evans, who resided on the Bennett lands from 1903 to 1909, testified that he had about 100 acres in cultivation; that his predecessor in interest had about a like amount; and that he used all the waters flowing in Blix Creek for irrigation during the period of his residence on these lands. He further testified that during high-water period water would flow from Blix Creek either into Arkansas Creek, a tributary of Union Creek, or into the latter, and that there was no well-defined channel from Blix Creek into Union Creek. One of the defendants Bennett likewise so testified.

The record is barren of any direct testimony to the effect that if the waters of Blix Creek were not used for the irrigation of the Bennett lands during the normal flow in the irrigation season, any perceptible portion of the water would flow into Union Creek, except an opinion of one witness whose opinion was not based on experience.

The evidence does not support the finding made by the court in subdivision (d) of its general findings of fact No. 1, relating to the waters of Blix Creek. The court was in error in making this finding, and it should have adopted the finding proposed by the Bennetts, supra.

Likewise, in view of what we have already said, the court was in error in using the phraseology in finding of fact No. 12, and should have adopted the language used in proposed finding of fact No. 12 as requested by the defendants Bennett, except as to the amount of the appropriation specified therein. After a

review of the evidence, we think the amount which the court decreed (100 inches of the waters of Blix Creek) was all that the testimony would warrant the court to award, and that it should amend its finding No. 12 by adopting the proposed finding of fact No. 12; however, the latter finding to be amended by inserting 100 inches of water instead of 120 inches as appears in the proposed finding.

The appellant Morris specifies error on the failure of the court to find the appropriation of water as of the date of July 1, 1883, in an amount of 75 inches from Union Creek, in accordance with his request for a finding. Although the court found and decreed other appropriations in favor of appellant, no appropriation was found in lieu of this request. The appellant now owns what were two adjoining tracts of land separately held prior to their survey and for some time thereafter. One tract was claimed by one Vaughn, who inclosed his claim with a fence, and the other by one Parsons, who settled on his tract after the survey. Vaughn had within his inclosure a portion of the lands which were afterwards acquired by Parsons. A water right was decreed to appellant for the Vaughn tract out of the waters of Arkansas Creek, about which there is no controversy here. Also another right was awarded to appellant out of the waters of Union Creek which was originally used in connection with the Parsons tract. It is appellant's contention that an additional right should have been decreed on account of the appropriation out of Union Creek made by Vaughn. The evidence in support of this right is meager and obscure. Some evidence was offered as to the existence of a plow furrow on the land in the year 1883, and some water was observed in this furrow or ditch in the year 1885. The record is silent as to who constructed this furrow or ditch and as to the use made of this water. One witness testified as to an old ditch leading from Union Creek for a short distance at or about the time of the trial, its point of diversion being at substantially the same point as that of a ditch used to divert water under the Parsons right which was adjudicated to the appellant. He testified that

he used this old ditch for some eight or ten years after he acquired the land, but it is not clear from the record under what appropriation he was using this water. On the whole, owing to the uncertainty and meagerness of the testimony, we cannot say that the trial court was in error in declining to find in accordance with appellant's request.

The other specifications of error relate to the rights of the plaintiff in the action. In cause No. 7,396 the plaintiff by specifications of error has assailed the same findings, and accordingly the other specifications will be treated the same as specifications of error on cross-appeal in that cause. As to the appeal of the defendants Bennett, the cause is remanded, with directions to the trial court to modify its findings, conclusions, and decree in accordance with the views herein expressed. As between the defendants Bennett and the plaintiff, each of the parties will pay his or their own costs on this appeal; as between the plaintiff and the defendant H. W. Morris, plaintiff will recover one-half of his costs on this appeal.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the above decision.