W. L. McGEHEE v. A. S. TUCKER, Administrator of N. H. Murphy.

(Decided April 12, 1898.)

*Appeal—Premature Appeal—Hypothetical Propositions of Law—Practice.*

1. This Court will not entertain premature or fragmentary appeals.

2. Where the pleadings in a cause raise an issue as to a fact necessary to be determined, and the parties, by agreement, reserve the ascertainment thereof and submit a hypothetical proposition of law depending on such fact, an appeal will not lie from the decision thereon.

CIVIL ACTION, heard before *Boykin, J.*, at April Term, 1896, of FRANKLIN Superior Court. The purpose of the action and facts connected therewith are stated in the judgment of his Honor. When the case was called for trial it was agreed by counsel for both parties at the hearing, that the issue raised in the pleadings, as to whether the defendant's intestate died seized of any real estate, should be reserved; and that the Court, upon the pleadings and upon the admission contained therein, should determine the question as to whether or not the plaintiff's judgment is barred by the Statute of Limitations, and whether it constitutes a legal demand against the intestate's estate.

After hearing the pleadings read and the agreement of counsel, the Court was of opinion that the plaintiff's judgment was not barred by the Statute of Limitations, and that it does constitute a legal demand against the intestate's estate in the order of distribution as provided by statute, and so ruled.

The defendant excepted.

His Honor rendered judgment as follows:

"It appears to the Court that in the month of October, 1893, N. H. Murphy died intestate in the county of Franklin, and that on October 31st A. S. Tucker qualified as his administrator. That having procured from the Superior Court an order to sell the personal property of the decedent for cash, the said defendant shortly after his qualification sold the said personal property, deriving therefrom the sum of $387.87. That on the 27th day of June, 1885, the plaintiff obtained judgment against the defendant's intestate for the sum of $196.46 with its interest from the 1st day of January, 1881, till paid, and for costs, $1.45. That on August 10th, 1885, the plaintiff procured said judgment to be

docketed in the Superior Court, in Book No. 2 at page
128.   That this action was instituted on January 11,
1895, to have said judgment so docketed declared a lien
on the assets in the hands of the personal representa-
tive, and to ask the Court to direct the distribution of
said assets according to the Statute of Distributions
after declaring the same to be a lien.   It further ap-
pears that the personal representative has, out of the
sum of $387.87, so derived from the personal estate,
paid out the sum of $186.56 for and on account of debts
due by the estate of the decedent, · which (with the ex-
ception of the costs of administration, the taxes assessed
against the decedent and the funeral expenses), are of
rank and dignity inferior to the plaintiff's judgment.
It further appears that the defendant has filed his
answer; in which he admits the facts and each of them
found above, but insists in said answer that the plain-
tiff's judgment is barred by the Statute of Limitations
and forms no lien upon any part of the intestate's
property and is not entitled to any precedence over any
debt due by the intestate and in itself is no valid de-
mand against said estate.   And the plaintiff and de-
fendant having agreed to submit the questions herein
raised for the Court's settlement and determination, it
is now by the Court ordered, considered and adjudged:
That the said judgment so taken and docketed as afore-
said by the plaintiff against the defendant's intestate,
is a lien upon the estate of the decedent in the defend-
ant's hands arising from the personal property having
preference and priority over all claims and demands
against said estate, except the debts having specific lien
(the taxes assessed against the said decedent, the fu-
neral expenses and the other judgments taken against
said decedent of an older date than the one taken by

the plaintiff).   It is further the opinion of the Court, and the Court doth so declare: That the said judgment is not barred by the Statute of Limitations.

"The Court is of the further opinion, and doth so declare: That the defendant, in paying the debts of lesser rank and dignity than the plaintiff's judgment committed *devastavit* of the intestate's property and effects."

To this judgment the defendant excepted, and appealed therefrom.

*Messrs. F. S. Spruill, W. M. Person* and *J. B. Batchelor* for plaintiff.

*Messrs. C. M. Cooke* and *T. M. Bickett* for defendant (appellant).

*Per Curiam:*   Whether the intestate of the defendant died seized of realty is an indispensable fact to be ascertained before the application of the Statute of Limitations can be determined.   The pleadings raise an issue as to that fact, but counsel by agreement reserved the ascertainment thereof and speared a hypothetical proposition of law to the Court.   The Court will not entertain fragmentary or premature appeals.   Clark's Code, Section 584, and cases cited.   *Hinton* v. *Ins. Co.*, 116 N. C., 22.   As was said by Pearson, C. J., in *Hamlin* v. *Tucker*, 72 N. C., 502, the Court will not "take two bites at a cherry."

Appeal dismissed.