SLATER ET AL., APPELLANTS, *v.* BRIGHT HOTEL CO., RESPONDENT.

(No. 4,281.)

(Submitted January 12, 1921. Decided February 28, 1921.)

[196 Pac. 152.]

*New Trial—Insufficiency of Evidence—Discretion.*

1. The disposition of a motion for a new trial based upon the ground of insufficiency of the evidence is lodged in the discretion of the trial court, and will not be revised on appeal unless it appears that such discretion has been arbitrarily exercised.

*Appeal from District Court, Fergus County; H. Leonard De Kalb, Judge.*

ACTION by C. J. Slater and others against the Bright Hotel Company. Judgment for plaintiffs. From an order sustaining defendant's motion for new trial, plaintiffs appeal. Order affirmed.

*Mr. E. K. Cheadle,* for Appellant, submitted a brief and argued the cause orally.

*Mr. O. W. McConnell,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover the sum of $804.34, a balance due on account for goods, wares and merchandise alleged to have been sold by plaintiffs to the defendant between September 1, 1910, and May 9, 1911. The defendant, in its answer, denied that it had made any purchases from the plaintiffs between the dates mentioned or at any other time. A trial to a jury resulted in a verdict and judgment for the plaintiffs. The defendant moved for a new trial on several of the statutory grounds, including insufficiency of the evidence to justify the verdict. By a general order the motion was sustained. The plaintiffs have appealed.

The contention made by counsel is that, since the evidence in-
[1]    troduced by plaintiffs made out a *prima facie* case, and that introduced by the defendant merely created a sharp conflict, the court erred in granting the order. This is the only question submitted for decision. It is the rule, well settled by many decisions of this court, that the disposition of a motion for a new trial based upon the ground of insufficiency of the evidence is lodged in the discretion of the trial court and will not be revised by this court unless it appears that this discretion has been arbitrarily exercised. (*McCauley* v. *Tyler,* 11 Mont. 51, 27 Pac. 391; *Haggin* v. *Saile,* 14 Mont. 79, 35 Pac. 514; *Murray* v. *Heinze,* 17 Mont. 353, 42 Pac. 1057, 43 Pac. 714; *Harrington* v *Butte & Boston Min. Co.,* 27 Mont. 1, 69 Pac. 102; *Kelly* v. *City*

*of Butte,* 43 Mont. 451, 117 Pac. 101; *Monson* v. *La France Copper Co.,* 43 Mont. 65, 114 Pac. 778; *Fadden* v. *Butte Miners' Union No. 1,* 50 Mont. 104, 147 Pac. 620.)

After an examination of the evidence introduced by the plaintiffs, we entertain serious doubt whether it was sufficiently substantial and definite to make out a *prima facie* case; but accepting counsel's own view of the condition of the evidence as a whole, the appeal is wholly without merit.

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES REYNOLDS, COOPER, HOLLOWAY and GALEN concur.