[Civil No. 3975. Filed May 16, 1938.]

[79 Pac. (2d) 344.]

J. L. PALMER and WILBUR C. GORDON, Intervener, Appellants, v. PAT KELLY, Appellee.

Mr. W. E. Watkins of Los Angeles, California, and Mr. A. L. Hammond, for Appellants.

Messrs. Norris & Patterson, Mr. I. Eastvold and Mr. Yale McFate, for Appellee.

LOCKWOOD, J.—L. J. Palmer, hereinafter called plaintiff, brought this action against Pat Kelly, hereinafter called defendant. From the allegations of the second amended complaint, upon which the case was tried, we gather that plaintiff's contention is that on the 17th day of May, 1934, he sold to Wilbur C. Gordon, under a conditional sales contract, certain mining machinery on which there remained unpaid at the time of the filing of the action the sum of $457.71; that Gordon and defendant had at one time been partners,

but that the partnership had been dissolved, and the mining machinery which was the basis of the complaint had been left by Gordon in the possession of defendant to be kept until called for by the plaintiff, and that the latter was entitled to the possession thereof; that defendant had refused to deliver it to plaintiff, whereupon he brought this action in replevin to recover possession of the property. Defendant answered, denying the allegations of the complaint, except so far as the dissolution of the partnership and the possession of the machinery and demand therefor was concerned, and then set up, as an affirmative defense, that it had been agreed by defendant and Gordon, as a part of their partnership contract, that, if at any time either partner wished to withdraw from the partnership, all of the property thereof should belong to the other partner; that at the time of the dissolution the mining machinery in question was the property of the partnership, and by reason of such dissolution defendant was the owner thereof. The prayer of the cross-complaint was for the return of the property seized under the replevin issued on plaintiff's complaint, or, in lieu thereof, its value, which was alleged to be the sum of $1,000, and for $500 as damages for the wrongful seizure. Gordon intervened in the action, admitting the purchase of the property as alleged in the complaint, and claiming that after the bringing of the action he had paid the plaintiff in full the amount due upon the conditional sales contract. He denied that defendant had any interest of any nature in the machinery, and asked for possession thereof. The defendant answered denying the allegations of the complaint in intervention and then set up affirmatively that on the 8th day of July, 1934, he and Gordon had entered into a mining copartnership, whereby defendant was to contribute his skill and personal services, and Gordon was to con-

tribute such money to carry out the terms of the co-partnership as they mutually agreed upon, the purpose being to acquire mineral-bearing lands and to market ore; that in September, 1934, they entered into a new agreement to the effect that, if the partnership were abandoned by either one, all the property thereof should belong to the partner who did not abandon the agreement, and that intervener had voluntarily abandoned the partnership, and, by virtue of the agreement, defendant was now the owner of the machinery.

So far as the record shows, there were no demurrers to any of the pleadings, nor motions to strike nor to make more definite and certain, and the case came to trial before a jury, all the parties being represented by counsel. The first thing shown by the reporter's transcript is that, by stipulation, it was agreed that intervener had paid to plaintiff all that was due him under the conditional contract of sale so that he was no longer interested in the machinery, and that the only issue was between the intervener and the defendant. After considerable evidence, both oral and documentary, was introduced, the jury returned a verdict in favor of defendant, fixing the value of the property at the sum of $1,000, and the damages for wrongful seizure at $500. Judgment was rendered on the verdict as against both plaintiff and intervener and the sureties on the replevin bond, and, after the usual motion for new trial was made and overruled, this appeal was taken by both plaintiff and intervener.

There are eight assignments of error, which we will consider in accordance with the legal propositions raised by them, as based upon the record in the case. The evidence, taken in the most favorable manner in behalf of defendant, as under our oft-repeated rule we must consider it, shows the following facts: Defendant and intervener had been acquainted for some time, and, in the spring of 1934, the latter re-

ceived letters from defendant to the effect that he had in his possession several mining claims which he thought he could develop into a good mine if he was properly financed. Intervener examined the property in April, 1934, and came to a general understanding that he and defendant would undertake to develop the property. He returned to his home in Los Angeles, and then purchased the mining machinery, which is the subject of this action, from the plaintiff and sent it out to the property, which was located near Cleator, in Yavapai county, Arizona, where it was placed and used as needed by defendant until this action was started. Shortly thereafter he and defendant entered into a certain written contract creating a mining partnership, by the terms of which defendant was to contribute his experience and labor as a miner, while intervener was to furnish what money was necessary for the development of the claims, in an amount to be mutually agreed upon later, until the property showed a profit. The latter was to purchase all supplies required for the partnership and pay all bills so incurred, and the interest of the partners in the assets of the partnership was to be equal. In September, 1934, a modification of the articles of partnership was orally agreed upon, the substance of which was that, if either party decided to abandon the partnership and cease his contributions thereto, all of the property of the partnership was to belong to the other party. At this time defendant understood that the machinery in question, which had been placed upon the property, had been bought for the partnership by intervener and paid for in cash, the conditional sales contract never having been recorded in Yavapai county as required by law, and defendant having no knowledge of it until he received a letter in the spring of 1935 from plaintiff referring to the contract. In April, 1935, intervener, being seriously dissatisfied with the way things were

going, announced that he wished to withdraw from the partnership and offered to sell his interest therein, but nothing came of this offer, and intervener from that time on furnished no money and made no effort to contribute further to the partnership. Thereafter this suit was brought.

 So far as plaintiff is concerned, it was stipulated that his interest in the machinery ceased when he was paid by intervener the amount which was due him under the conditional sales contract, and the only issue tried was whether defendant or intervener was entitled to possession of the machinery, and if it was defendant the amount of his damages for the wrongful seizure. It is apparent that defendant must rely on the oral modification of the original written agreement of partnership for his claim of ownership. It is contended by intervener that this agreement, even if made, was void for want of consideration. It has always been held that mutual promises are a sufficient consideration for a contract. 6 R. C. L., p. 676, and cases cited. Under the amended agreement each party promised that he would forfeit his interest to the other if he withdrew from the partnership. We think this is sufficient consideration to support the amended agreement.

██ The second question is, assuming that such agreement was made, did the machinery in question ever belong to the partnership. It was agreed that all property purchased and used by the partnership was to be paid for in cash by intervener so that no bills would be outstanding. He purchased the machinery and sent it out to be placed on the claims which were being operated by and for the partnership, without informing defendant that it was not fully paid for, and representing to him that it was purchased for the use of the partnership. Under these circumstances and the terms of the partnership agreement, we think the

machinery became the property of the partnership, subject only to plaintiff's rights under the conditional sales contract, and with an obligation resting upon intervener to complete the payments for the machinery. We think the latter cannot claim that because he delayed the final payment until after the partnership was dissolved he thereby became the owner of the property.

■ Of course the evidence was in sharp conflict as to the alleged amendment of the articles of partnership and, indeed, as to most of the vital issues of the case, but this conflict was resolved by the jury in favor of the defendant, and we are bound by its action. Such being the case, the judgment of the superior court must be sustained in so far as it called for a return of the machinery, or the value thereof, which was fixed by the jury at $1,000. When, however, the $500 damages allowed for the wrongful seizure of the machinery is considered, we think the situation is different. The only evidence as to the damages was the testimony of defendant, which reads as follows:

"Q. Have you been damaged by way of the seizure of this equipment? A. Yes, sir.

"Q. How much have you been damaged? A. I don't believe less than $500.00 or $700.00.

"Q. Would you say for sure that you have been damaged $500.00 to $700.00? A. Yes, all of it."

■■ We think this is entirely insufficient to sustain the verdict of the jury so far as the damages were concerned. It does not, in any manner, point out wherein the defendant was damaged by the wrongful seizure, but merely states his conclusion that it amounted to a certain sum. *Claunch* v. *Osborn*, (Tex. Civ. App.) 23 S. W. 937. This conclusion is one which is to be reached by the jury and must be based on some definite evidence of damages. No such evidence appears in the record.

In accordance with the provisions of section 3852, Revised Code of 1928, the judgment is affirmed in regard to the recovery of the machinery or its value, and is reversed and remanded for a new trial on the issue of damages alone. Appellants will recover their costs in this court.

McALISTER, C. J., and ROSS, J., concur.