## CHESEVSKI et al. v. STRAWBRIDGE & CLOTHIER.

District Court, D. New Jersey.

Oct. 27, 1938.

Albert S. Woodruff, of Camden, N. J., for plaintiffs.

Samuel P. Orlando, of Camden, N. J., for defendant.

AVIS, District Judge.

The above case was tried at Camden on October 18th, 19th and 20th, 1937, and verdicts rendered as follows:

For plaintiff Charles B. Chesevski $ 357.00
For plaintiff Wanda Chesevski... 300.00
For plaintiff Martha Chesevski... 1250.00

Plaintiffs' attorney procured a rule to show cause why a new trial should not be granted, under which rule oral argument has been heard and briefs submitted.

Plaintiffs' attorney in his argument and briefs submitted that the negligence of defendant was established at the trial; that there was no contributory negligence on the part of any of the plaintiffs, and that the jury so found.

While the rule was granted as to all of the plaintiffs, their counsel admits that the verdict for the plaintiff Charles B. Chesevski is substantial, and does not press for a new trial as to this plaintiff.

The claim and argument is that, as to the other two plaintiffs, the verdicts are entirely inadequate, and as to them a new trial should be granted, directed only to the amount of the damages assessed.

■ It is clear that this Court has the power to set aside a verdict for inadequacy and order a new trial on that one question. This is established by the cases in the Federal courts as well as in the courts of the State of New Jersey. See Gasoline Products Co., Inc., v. Champlin Refining Co., 283 U.S. 494, 499, 51 S.Ct. 513, 75 L.Ed. 1188; May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830, 842; Robinson v. Payne, Director General, 99 N.J.L. 135, 122 A. 882.

The principle is exhaustively dealt with by Judge Forman in a memorandum, filed February 15, 1934 with the Clerk of this court, in the case of Ella Albrecht et ux. v. Public Service Interstate Transportation Company et al. (not reported).

Rule 59(a) of the Rules of Civil Procedure for the District Courts of the United States in part provides: "A new trial may be granted to all or any of the parties and on all or part of the issues * * *."

My examination of the evidence submitted at the trial convinces me that there can be no need of another trial on the question of negligence or contributory negligence, and I agree completely with the determination of the jury on these points. The plaintiffs were entitled to a verdict.

I have carefully examined the evidence produced in the case relating to injuries and damages. I do not believe it is required that I should in this memorandum attempt to analyze it. I am convinced that the amounts found by the jury are entirely inadequate as to the two plaintiffs. What motivated the jury I cannot say, but it is apparent that they did not give full and careful consideration to all of the evidence.

■ The rule of law is as stated by counsel for defendant in his brief, that the verdict should not be disturbed unless grossly inadequate, but that measurement or term must be applied to the amount of the verdict. If a verdict were rendered for $2,000, whereas it appeared that probably $4,000 would be a proper and compensatory amount, it would be grossly in-

adequate. If a verdict were rendered for $300, whereas is appeared. that $500 or $600 would probably be just compensation, it would also be grossly inadequate.

Counsel may consult with themselves, and with the Court if they desire, in an effort to arrive at a just amount.

If it is impossible to come to agreement, the rule will be made absolute and a new trial ordered as to damages only, as it affects the plaintiffs Martha Chesevski and Wanda Chesevski. The verdict as to plaintiff Charles B. Chesevski will stand and as to him the rule will be discharged.