R. A. SEIBEL, Plaintiff and Appellant, v. NEIL W. BY-
ERS and ROBERT YURICK, Defendants and Respond-
ents.

No. 9710.

Submitted June 5, 1959. Decided Sept. 16, 1959.

344 Pac. (2d) 129.

40

See **C. J. S.** Judgments, § 57.

Kelly and Battin, Billings, J. H. McAlear, Red Lodge, for appellant. William T. Kelly, Billings, and James H. McAlear, Red Lodge, argued orally.

Coleman, Jameson & Lamey, Wiggenhorn, Hutton, Schiltz & Sheehy, Billings, for respondents. Bruce R. Toole, and John C. Sheehy, Billings, argued orally.

MR. JUSTICE ADAIR:

At about seven o'clock on the evening of October 12, 1952, a 1952, two door, hardtop Ford Victoria automobile traveling in a westerly direction along U. S. Highway No. 87 from Hardin toward Billings, Montana, and just before reaching the point of a curve thereon about twenty-one miles west of the city limits of Hardin, left the Highway, — went through a pasture fence and then came to a stop on the prairie at a distance of approximately ninety-five steps from the highway, wrecking the Ford and resulting in shock and some injury to each of the four occupants of the car.

At the time of the accident the defendant, Neil W. Byers,

and his wife, Phyllis, were riding in the front seat with Neil Byers at the wheel, while the plaintiff, R. A. Seibel and his wife, Mollie, were riding in the rear seat of the Ford.

The plaintiff, R. A. Seibel, brought this action to recover damages for personal injuries to him which he alleged were caused by the concurrent grossly negligent operation by the defendants, Neil W. Byers and Phyllis Byers, of the Ford automobile and by the defendant, Robert Yurick, of his 1951, two door, Plymouth Club Coupe automobile.

Upon observing from its lights that the Ford car had left the highway, Yurick stopped his Plymouth coupe, hurried to the disabled Ford, helped Mr. and Mrs. Seibel and Mr. and Mrs. Byers into his, Yurick's Plymouth, saw that his companion, Miss Fern Jordan secured a ride to Billings with another party that happened along the highway and then drove Mr. and Mrs. Seibel and Mr. and Mrs. Byers to St. Vincent's Hospital at Billings, where each of the four shocked and injured persons was given medical examinations and treatment.

*Pleadings.* The plaintiff Seibel's complaint contains but one cause of action. It consists of ten separately numbered paragraphs and a prayer for relief.

In his prayer the plaintiff Seibel demands ''judgment against the defendants, and each of them jointly and severally in the sum of Thirty Thousand and no/100 ($30,000.00) Dollars general damages and Thirty thousand, five hundred seven and 40/100 ($30,507.40) Dollars special damages for impairment of his earning capacity, for his hospitalization and medical care, and for his costs herein.''

The defendant, Robert Yurick, for himself alone, by his attorneys, Schiltz and Sheehy, filed an answer admitting the allegations of the first paragraph and a portion of the allegations of the fourth paragraph of plaintiff's complaint, but denying each and every other allegation contained therein.

The defendants, Neil W. Byers and Phyllis Byers, by their

attorneys, Coleman, Jameson and Lamey, filed a separate answer wherein they admit the allegations of the first paragraph of plaintiff's complaint; admit that on October 12, 1952, the defendant, Robert Yurick, was in possession of a Plymouth Tudor coupe automobile; allege that the accident occurred on a straight-away on the highway about 200 or 300 yards south of a curve and deny all other allegations of the complaint.

The plaintiff, R. A. Seibel, by his attorneys, William T. Kelly and J. H. McAlear, filed a reply to the separate answer of the defendants, Neil W. Byers and Phyllis Byers, wherein plaintiff denies that he and his wife were other than invited guests of the defendants Byers and denies the accident occurred at the point alleged in the answer of the defendants Byers and allege that such accident occurred as stated in plaintiff's complaint.

The issues so presented were tried to a jury.

*Dismissal as to Phyllis Byers.* At the trial, plaintiff called, among others, the defendant, Phyllis Byers, as an adverse witness on behalf of plaintiff. After hearing such witness testify, the trial court, on plaintiff's motion therefor, ordered that the cause be dismissed as to the defendant, Phyllis Byers, without prejudice, hence Mrs. Byers is no longer a party to this action.

*The Verdict.* On November 23, 1955, the jury returned its verdict in favor of the plaintiff, R. A. Seibel, and against the defendants, Neil W Byers and Robert Yurick, assessing plaintiff's damages at $507.40.

R.C.M. 1947, section 93-5701, provides:

"When trial by jury has been had, judgment must be entered by the clerk, *in conformity to the verdict,* within twenty-four hours after the rendition of the verdict * * *." Emphasis supplied.

On the same day the verdict was returned and, in strict compliance with the requirements of section 93-5701, supra, plaintiff's counsel prepared a form of final judgment "*in*

*conformity to the verdict"* which was submitted to and signed by the trial judge and duly filed and entered in the office of the clerk of the trial court. Respective counsel for the dedendant, Robert Yurick, and for the defendant, Neil W. Byers, executed and endorsed on such judgment their waiver of notice of the entry thereof.

*The judgment.* The judgment, so made and entered, as far as is material here, reads:

"Judgment. This action came on regularly for trial at Hardin, Big Horn County, Montana, on the 16th day of November, 1955 * * *. After hearing the evidence, the instructions of the Court, and arguments of counsel, the Jury retired to consider the verdict and subsequently returned into Court with the following verdict:

"(Title of Court and Cause)

" 'Verdict

" 'We, the Jury, in the above-entitled action, find in favor of the plaintiff and against the defendant, Neil W. Byers and Robert Yurick, and each of them, *and assess plaintiff's damages at Five Hundred Seven and 40/100 ($507.40/100) Dollars.*

" 'Dated this 23 day of November, 1955.

" ' (Signed) Arlis Whiteman
" 'Foreman.'

"Wherefore, by reason of the law and the premises;

"It is hereby ordered, adjudged, and decreed that the plaintiff, R. A. Seibel, do have and recover against the defendants, Neil W. Byers and Robert Yurick, jointly and severally, *the sum of Five Hundred Seven and 40/100 ($507.40) Dollars,* together with his costs and disbursements herein amounting to the sum of ———— ($————) Dollars.

"Dated this 23rd day of November, 1955.

"E. E. Fenton
"Judge.

"Notice of Entry of Judgment waived.

"Dated November 23rd, 1955.

> "John C. Sheehy, of counsel
> for Robert Yurick, defendant.
> "Bruce R. Toole, attorney for
> defendant, Neil W. Byers."

Emphasis supplied.

On November 28, 1955, the plaintiff Seibel filed notice of the filing of his memorandum claiming costs and disbursements in the aggregate sum of $203.40.

On December 3, 1955, the plaintiff Seibel, filed in the trial court his notice of intention to move for a new trial which, omitting the title of the court and cause, reads:

"Notice of Intention To Move For New Trial

"To: Coleman, Jameson & Lamey, Attorneys for Neil W. Byers, Defendant; and to Wiggenhorn, Hutton, Schiltz & Sheehy, Attorneys for Robert Yurick, Defendant:

"You, and each of you, Will please take notice that the Plaintiff intends to move the above-entitled Court to vacate and set aside the Verdict and Judgment, both dated November 23rd, 1955, rendered in the above-entitled action, and to grant a new trial of the said cause upon the following grounds materially affecting the substantial rights of the plaintiff, to-wit:

"1. Insufficiency of the evidence to justify the Verdict and Judgment, in that the jury decided in favor of Plaintiff's right to recover but fixed his damages only for the amount of his medical and hospital bill and expenses, on which the evidence was uncontroverted, then ignored Plaintiff's uncontroverted evidence of other special damages, and further ignored uncontroverted evidence as to his general damages for physical and mental pain and suffering, contrary to the Court's instructions and the law of the case.

"2. Said Motion will be made and based upon the records

and files in the above-entitled action and upon the minutes of the Court.

"Dated this 3rd day of December, A. D., 1956.

"Kelly & Battin
J. H. McAlear
"By William T. Kelly
Attorneys for Plaintiff."

Thus did plaintiff's counsel give notice to defendants' counsel that plaintiff intended to challenge, by motion, both the verdict rendered and the final judgment entered in conformity therewith, and that plaintiff intended to apply to the trial court for an order "to vacate and set aside the Verdict and Judgment * * * and to grant a new trial of the said cause." Thus would plaintiff have the trial court vacate and set aside the *entire* verdict and the *entire* judgment and have the district court order an *entire* new trial of the *whole* case.

R.C.M. 1947, section 93-5603, provides when a new trial may be granted but it does not provide for nor does it permit the piecemeal granting of the motion for a new trial. Such motion for a new trial must be granted in whole or not at all. It was the common-law conception of a verdict that it was single and indivisible. Where the complaint sets forth but a single count or but a single cause of action then the verdict which determines such controversy is a single entity which must stand or fall as a whole.

In his notice of intention to move for a new trial, the plaintiff, in the instant case, stated that he intended to apply for an order that would "vacate and set aside the Verdict and Judgment" and that would "grant a new trial of the cause." The notice does not even suggest that plaintiff would apply for an order that would merely grant a new trial as to *that part or portion of the verdict and judgment that awards damages in the sum of $507.40.*

*Hearing on Motion for New Trial.* After there had been various continuances of the proposed hearing on plaintiff's

notice of intention to move for a new trial, the plaintiff Seibel, on December 29, 1955, orally made in open court, his motion for a new trial which was then and there finally heard and argued before the trial judge.

The only grounds urged in such motion for a new trial were those set forth in subdivision 6 of section 93-5603, R.C.M. 1947, viz.: "Insufficiency of the evidence to justify the verdict or other decision or that it is against law."

At the conclusion of the hearing on the motion, the trial court allowed defendants five days within which to file answer briefs and allowed plaintiff five days thereafter to file his reply brief.

R.C.M. 1947, section 93-5604, so far as is here pertinent, ▮ provides:

"Motions for new trials shall be made as follows: * * * for causes mentioned in the fifth, sixth or seventh subdivisions of said section [93-5603], the motion shall be made only on the minutes of the court. The official stenographic reports cf the trial may be referred to as a part of the minutes of the court."

R.C.M. 1947, section 93-5606, as far as pertinent here, provides:

"The hearing on the motion for a new trial shall be had within ten days after the notice of motion is filed when the motion is made only on the minutes of the court * * *. In case the hearing is continued by the court, it shall be the duty of the court to hear the same at the earliest practicable date thereafter, and the court shall decide the motion within fifteen days after the same is submitted. If the court shall fail to decide the motion within said time, the motion shall, at the expiration of said period, be deemed denied." The above-quoted provisions of the statutes are mandatory.

Here the trial judge failed and omitted to allow or grant ▮ plaintiff's motion for a new trial, hence, under the provisions of section 93-5606, supra, the motion was and is deemed denied.

Such determination by the trial court of plaintiff's motion ▆ for new trial, involving as it does the exercise of judicial discretion, may not lawfully be disturbed on review by this court unless it is clearly shown that in pursuing the course that it did in determining the motion the trial court abused its discretion. Sandeen v. Russell Lumber Co., 45 Mont. 273, 282, 122 Pac. 913; Slater v. Bright Hotel Co., 59 Mont. 230, 196 Pac. 152; Gardiner v. Eclipse Grocery Co., 72 Mont. 540, 549, 550, 234 Pac. 490.

The rule that this court will not interfere with the trial ▆ court's exercise of its discretion is particularly applicable where, as here, questions of fact are involved, as where insufficiency of the evidence is urged as ground of the motion and it appears that the evidence was conflicting. Harrington v. Butte, A. & P. Ry., 36 Mont. 478, 93 Pac. 640; Norton v. Great Northern Ry., 78 Mont. 273, 254 Pac. 165; Bull v. Butte Electric Ry., 69 Mont. 529, 223 Pac. 514.

In Kelley v. John R. Daily Co., 56 Mont. 63, 80, 81, 181 Pac. 326, 332, this court said:

"There is no standard fixed by law for measuring the value of human health or happiness. In every case of personal injury a wide latitude is allowed for the exercise of the judgment of the jury, and, unless it appears that the amount awarded is so grossly out of all proportion to the injury received as to shock the conscience, this court cannot substitute its judgment for that of the jury. Armitage v. Chicago, M. & St. P. Ry. Co., 54 Mont. 38, 166 Pac. 301; White v. Chicago, M. & [P. S.] Ry. Co., 49 Mont. 419, 143 Pac. 561. The appearance of the witnesses on the stand, their manner in testifying, their apparent candor or lack of it, are all elements which enter into an estimate of their credibility. These elements were present in the lower court but cannot be reproduced here.

"It was for the jury to determine whether the evidence touching the character and extent of plaintiff's illness was worthy of credit, and the verdict is their answer to the inquiry, Was she malingering or was she seriously injured?"

In Sullivan v. City of Butte, 87 Mont. 98, 100, 101, 285 Pac. 184, 185, this court said:

"In this character of action the amount of damages is committed, in the first instance, to the sound discretion of the jury, and next to the discretion of the judge of the trial court, who, in passing upon the motion for a new trial, may consider the evidence anew, determine anew the facts, and set aside the verdict, if in his judgment it is not just. * * * Manifestly, in personal injury actions, there is no measuring stick by which to determine the amount of damages to be awarded, other than the intelligence of a fair and impartial jury governed by a sense of justice; each case must of necessity depend upon its own peculiar facts."

In Autio v. Miller, 92 Mont. 150, 169, 170, 11 Pac. (2d) 1039, 1045, this court said:

"The fact is that verdicts in cases like this are necessarily speculative and hypothetical. But, as was said in Houghkirk v. Delaware & Hudson Canal Co., 28 Hun., N. Y., 407, the difficulty is, 'By what test are we to review them? If it is a matter of guesswork, the jury can guess as well as we. If we are to review them by the test of evidence, then the difficulty is, that there is no direct evidence proving the amount of loss.' See Tiffany, Death by Wrongful Act, section 164."

In Tanner v. Smith, 97 Mont. 229, 241, 33 Pac. (2d) 547, 552, this court said:

"This court has consistently adhered to the rule that 'it is peculiarly within the province of juries to fix the amount of compensation to be paid for personal injuries, unless the result of their deliberation is such as to shock the conscience and understanding of the court.' [Citing cases.]"

In Wise v. Stagg, 94 Mont. 321, 330, 22 Pac. (2d) 308, 311, this court said:

"After contradiction of a witness by showing his inconsistent statements at other times, not only is such contradictory evidence not substantive evidence concerning its subject matter, but, as before, the credibility of the witness remains a

question for the jury. 6 Jones' Commentaries on Evidence, 2d Ed., 4769; Thompson v. Los Angeles, etc., R. Co., 165 Cal. 748, 134 Pac. 709; Steele v. Kansas City So. R. Co., 302 Mo. 207, 257 S.W. 756.''

*Notice of Appeal.* On May 16, 1956, plaintiff Seibel served upon defendants' counsel written notice of plaintiff's appeal to this court *"from a part and portion of that certain final Judgment* rendered in said [district] court * * * on the 23rd day of November, 1955, in favor of the plaintiff and against the * * * defendants, Neil W. Byers and Robert Yurick, and each of them, to-wit:

*That portion awarding to the plaintiff damages only in the sum of Five Hundred Seven and 40/100 ($507.40) Dollars, and adjudging the plaintiff entitled thereto as against such defendants and each of them.''* Emphasis supplied.

The judgment herein is a final money judgment for damages awarded by a jury's verdict in a tort case wherein there is but one plaintiff and but one cause of action.

*Motion to Dismiss Appeal.* The defendant, Robert Yurick, has filed in this court, briefed and argued a motion to dismiss plaintiff's appeal upon the ground that such appeal is from only a part or portion of the final judgment entered and not from the whole thereof and that such final judgment is indivisible.

In his printed brief in this court the defendant, Neil W. Byers, likewise urged and argued that the appeal be dismissed because it is taken only ''from a part and portion of that certain final judgment rendered * * * on the 23rd day of November, 1955.'', rather than from the entire judgment.

R.C.M. 1947, section 93-8003, subdivision 1, provides:

''93-8003. (9731) *From what judgment or order an appeal may be taken.* An appeal may be taken to the supreme court from a district court in the following cases:

''1. From a final judgment entered in an action or special proceedings commenced in a district court, or brought into district court from another court.''

In Barkley v. Logan, 1875, 2 Mont. 296, the district court gave and entered a final decree adjudicating the use of certain waters of Indian Creek in Jefferson County. The appellants were satisfied with the greater portion of the decree but, deeming themselves aggrieved by that part which awarded priority to the ditch known as the Cedar Gulch Ditch over that known as the South Bowman Ditch, they gave notice of an appeal from only such last-mentioned part of the decree.

On such attempted appeal, the supreme court said:

"The first question for determination is this: Can an appeal be taken to this court from a part of a final judgment? Can a judgment be severed into distinct parts and an appeal be taken from each, at different times, without bringing the whole judgment before the appellate court? The appellants have appealed from a part of the judgment now, but this does not preclude the possibility of an appeal by them at another time from some other portion of the decree.

"The appellate jurisdiction of this court is defined by law, and the statutes confer jurisdiction in a particular manner in certain cases. In no other way than by following the law can this jurisdiction be acquired. * * *

"How is this jurisdiction acquired? Section 370 of the Practice Act provides, that an appeal shall be made, by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specified part thereof, and serving a copy of the notice upon the adverse party, or his attorney. The notice defines what is appealed from and controls the jurisdiction of the appellate court. *If the appeal* was from a final order made after judgment, it would not bring the judgment before the court; if it *was from a part of a decree, it would not give jurisdiction to this court over the whole decree.*

"*We do not think the statutes contemplate an appeal from a part of a judgment.* Sections 369 and 380 define the appellate jurisdiction; and section 370, providing how an appeal

shall be taken, does not enlarge this jurisdiction. *The sections conferring jurisdiction must control, instead of what is incidentally said in the section providing how the appeal shall be taken.*

*"When an appeal is taken from a judgment, it must be from the whole of it. The statute does not authorize the taking of a judgment into an appellate court for review by piecemeal. The appeal must bring the whole judgment before the appellate court. This court cannot reverse or affirm the fragment of a judgment. Jurisdiction for this purpose has not been conferred. * * ***

*"We hold that this court, under the statute, has no jurisdiction to hear an appeal from a part of a final judgment, unless the whole judgment is before it. The whole judgment must be appealed from to give this court jurisdiction over any particular portion.* In Canter v. American Ins. Co., 3 Pet. [307] 316 [7 L. Ed. 688], Mr. Justice Story says: 'It is of great importance to the due administration of justice, and is in furtherance of the manifest intention of the legislature, in giving appellate jurisdiction to this court upon final decrees only that causes should not come up here in fragments upon successive appeals. It would occasion very great delays and oppressive expenses'." Emphasis supplied.

In Plaisted v. Nowlan, 1876, 2 Mont. 359, the supreme court said: "The time within which appeals can be taken, the character of the notice and appeals which are allowable, have been carefully defined. Civ. Pr. Act, sections 369, 370, 380. The effect of these sections has been discussed fully in the opinion in Barkley v. Logan, and we deem it sufficient to refer to the views expressed therein as sound. * * * If the legislative assembly contemplated that an appeal could be taken from a part of a judgment, the statutes would have been enacted allowing the giving of an undertaking to stay the execution of a part of a judgment, and then the part which was not appealed from could be enforced. The absence of these provisions can be accounted for in only one way. It is the inten-

tion of the legislators that appeals shall be taken from the whole judgment, and not a part thereof. * * *

"In the cases which have been heard in the supreme court of the United States, we have not discovered one in which an appeal has been taken from a part of the judgment. The language of the Judiciary Act is the same in effect as that of our Organic Act and Practice Act, respecting appeals from final decisions or judgments.

"The motion for a rehearing in Barkley v. Logan is denied, and the appeal in this case is dismissed."

In Lohman v. Poor, 1923, 68 Mont. 579, 584, 585, 220 Pac. 1094, 1096, this court said:

"The reasonableness of the rule which forbids an appeal from a part only of a judgment is well illustrated in the case now under consideration. The findings and judgment as to the plaintiff's note and mortgages are not subject to review in this proceeding, because no appeal has been taken therefrom. If plaintiff's position as to the note and mortgages of the lumber company should be sustained without reference to the condition of its note and mortgages, the result of this appeal would be to sustain the plaintiff's note and mortgages, and defeat the lumber company's note and mortgages, although it is apparent from the record that all were given at the same time, under identical conditions, and with a like object in view.

"Again, the court's finding No. 27 above quoted, which is incorporated in the decree, is not attacked or made the subject of review under the plaintiff's notice of appeal, so that, whether authorized or not, it remains operative whatever the result of this appeal may be. * * *

"The reason for the rule is well indicated in Barkley v. Logan, supra, in these words: 'When an appeal is taken from a judgment, it must be from the whole of it. The statute does not authorize the taking of a judgment into an appellate court for review by piecemeal. The appeal must bring the whole judgment before the appellate court. This court cannot reverse or affirm the fragment of a judgment. Jurisdiction for

this purpose has not been conferred. If the whole decree is not before this court, how can it know the effect of its action in reversing or affirming a portion of it upon the remainder, over which this court has no jurisdiction, because there is no appeal therefrom'?''

In State ex rel. Mueller v. Todd, 117 Mont. 80, 82, 158 Pac. (2d) 299, 300, this court said: ''It is proper for a party to appeal from a part of a judgment only when the judgment is divisible into parts. [Citing authorities.]''

In Vol. 5, Bancroft's Ten Year Supplement to Bancroft's Code Pleading Practice and Remedies, section 6267, pages 4051, 4052, notes 12 and 13, it is said:

''And a party may not in an action for damages appeal from that part only of the judgment which fixes the amount, or from the determination of certain items that make up a whole, and are covered by a single and indivisible judgment.''

In McGehee v. Tucker, 122 N. C. 186, 189, 29 S.E. 833, the court said: ''The court will not entertain fragmentary or premature appeals. [Citing authorities.] As was said by Pearson, C. J., in Hamlin v. Tucker, 72 N. C. 502, the court will not 'take two bites at a cherry'.''

In Hampton v. Board of Com'rs of Logan County, 4 Idaho 646, 43 Pac. 324, 326, an appeal was taken to the district court from an action of the board of county commissioners disallowing *in toto* Hampton's claim for services rendered under a contract. A judgment was entered in the district court allowing the claim in part and from such judgment and the whole thereof Hampton took an appeal to the Supreme Court of Idaho, which said: ''This appeal is from the judgment, not from the findings of fact. The judgment is an entirety,—a money judgment for a definite sum. *Our statutes which permit an appeal from a final judgment,* 'or any specific part thereof,' *do not contemplate an appeal from 'a part' of a money judgment for a definite sum.* This appeal brings the whole record before us for review. The most careful and studious examination of the record has failed to show us any

legal grounds upon which the judgment of the district court can be sustained. The record shows—in fact, it is conceded —that all the services for which claims were presented to the board were rendered under the void contract. Upon what theory, consistent with legal principles, the district court could segregate the amounts, and allow some and disallow others, we are unable to divine. *It was really but one cause of action. There could be no segregating of items,* as the fatal objection permeated the whole. Either the appellant was entitled to all he claimed under the contract, or he was entitled to nothing. Under the rules of law as recognized by the authorities we have cited, we are satisfied he was entitled to nothing. The judgment of the district court is reversed, and the cause remanded to the district court, with instructions to enter an order affirming the order of the board of commissioners.'' Emphasis supplied.

In F. E. Warren Mercantile Co. v. Myers, 48 Wyo. 232, 45 Pac. (2d) 5, 6, the court said: ''The judgment in the case at bar, as it should have been entered, was the net result of the entire controversies and proceedings. [Citing case.] *It was an entirety, and no appeal can be taken from a part of it.* [Citing cases.]'' Emphasis supplied.

In Cottier v. Sullivan, 47 Wyo. 72, 31 Pac. (2d) 675, 677, 678, it is said:

''The plaintiff's appeal, in the language of the notice of appeal, 'is from so much of the finding, order and judgment of said court * * * as finds that the damage to plaintiff and his assignees is nominal only and awards nominal damages therefor.'

''The direct appeal law provides for review by appeal of any judgment or order theretofore removable to the Supreme Court by proceedings in error. Rev. St. 1931, section 89-4901; Bock v. Nefsy, 29 Wyo. 33, 207 Pac. 1008. In the statutes in regard to proceedings in error we find no provision that would seem to authorize a proceeding for removing to this court a part of a judgment or order. The appeal statute, however,

provides that 'the notice of appeal shall state whether the appeal is from the whole or a part of the judgment or order appealed from, and if from a part only, shall specifically state what part.' Section 89-4902. It is held in Montana that such a statute does not give the right of appeal from a part of a judgment. Barkley v. Logan, 2 Mont. 296; Plaisted v. Nowlan, 2 Mont. 359. * * *

"An appeal from a part of a judgment, with or without express statutory authority, can only be taken from a part that is separable from the rest for the purposes of the appeal. 8 Bancroft's Code Practice, section 6267. It is the judgment that must be separated. We find no authority for the separation of issues or findings.

"The plaintiff has undertaken first to separate the part of the judgment which grants an injunction from the part that determines the question of damages. We may assume that he had a right to do this, and to appeal only from the latter part. But he does not appeal from the part that determines the question of damages, but only from so much thereof 'as finds that the damage * * * is nominal only and awards nominal damages therefor.' Construction of this language, if needed, is found in plaintiff's brief where it is said: 'On the face of the record, the defendants are trespassers, have negligently constructed and operated a ditch which has caused damage, no appeal has been taken from these findings and these matters are now conclusively determined * * * If the case were sent back to the trial court, it could only be for the purpose of determining the amount of the damage which plaintiff should recover.'

"*It is clear that plaintiff undertakes to separate the judgment on the question of damages, and, by appealing only from the decision as to the amount, prevent this court from acquiring jurisdiction that would permit the consideration of the issues as to negligence, nuisance, or trespass. The judgment cannot be thus separated into parts.* In fact, it is not a separation of the judgment on the cause of action for damages, but a

separation of issues or findings. The judgment on the causes of action claiming damages is for the recovery of four dollars. This resulted from the decision of several issues including the issues as to defendants' negligence or trespass or accountability for maintaining a nuisance, and, also, the issue as to the amount of damage sustained by plaintiff as the result of defendants' acts or omissions. *The findings of the court on all the issues are grounds for the judgment, but those findings or issues cannot be separated for the purpose of appealing from a part. We can find no authority for holding that in an action for damages caused by negligence* or trespass or nuisance, *a party dissatisfied with the amount recovered can appeal from only that part of the judgment which fixes the amount.* [Citing cases.]'' Emphasis supplied.

Under the conflicting evidence (1) as to the facts and circumstances that obtained at and immediately preceding the accident, (2) as to the nature and extent of plaintiff's injuries, (3) as to the time required for his recovery, and, (4) as to the amount of financial loss, if any, plaintiff suffered in his business, the general rule is that neither the trial court nor the supreme court is authorized to enter an absolute judgment for any other sum than that assessed by the jury, where as here the damages are unliquidated, unless the parties litigant give their consent thereto for the purpose of preventing a new trial of the action.

As before stated, this is an action at law to recover a money judgment for personal injuries claimed to have been sustained in an automobile accident wherein the parties cannot be denied a jury trial. Section 29, Art. III, Constitution of Montana; R.C.M. 1947, section 93-5301; Little v. Little, 127 Mont. 152, 155, 156, 259 Pac. (2d) 343. Neither the trial court nor the supreme court possesses the power to delete from the jury's verdict the words and figures: *"and assess plaintiff's damages at Five Hundred Seven and 40/100 ($507.40/100) Dollars"* or to delete from the judgment entered in conformity to the verdict, R.C.M. 1947, section 93-5701, the words and

figures: *"The sum of Five Hundred Seven and 40/100 ($507.40) Dollars."*

On this attempted partial appeal this court may not apply the scissors to clip from both the jury's verdict and the trial court's judgment the above-quoted italized words. The plaintiff may not thus fix and limit the scope of this court's review nor the scope of a second jury's consideration of the case should a new trial be ordered.

Where the damages awarded are either excessive or inadequate the sole power in either the trial court or the supreme court, if timely and proper application thereof be made, is to order a new trial of the entire action before another jury. Neither the trial court nor the supreme court is authorized to invade the province of the jury and thereby deprive any of the parties litigant of their constitutional right to a trial by jury.

The testimony elicited from the various witnesses at the trial is most conflicting, confusing and unsatisfactory. There were numerous contradictions and impeachments of both the plaintiff and the witnesses called by him, by various inconsistent statements of these witnesses which leaves us in doubt as to where the truth may be found and we are convinced that the jury may well have found that the plaintiff's testimony respecting his claimed injuries as well as the details of what occurred immediately before and at the time of the accident to have been exaggerated, unreasonable, inconsistent with itself and inconsistent with the testimony of other witnesses so that the jury rebelled and refused to believe the plaintiff on such issues. With the rejection of the testimony of such discredited witnesses there was little else to do other than to find for the plaintiff in the sum stated in the verdict. A new trial, restricted only to the amount of damages to be awarded, would eliminate much of the impeaching evidence offered at the trial that has been had and entirely change the character of the lawsuit. This would be most eminently unfair to the defendants and would deny them the right of trial by a jury

of all the issues of fact presented by the pleading in this cause.

"The right of trial by jury shall be secured to all, and remain inviolate * * *." Mont. Const., Art. III, section 23.

On the defendants' motion therefor, it is ordered that the appeal herein be and it is dismissed as to each defendant.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICE CASTLES, concur.

MR. JUSTICE BOTTOMLY (specially concurring).

Under the particular facts, circumstances, the confusing and conflicting testimony of plaintiff and his witnesses in this record, and the attempted appeal from a part of the judgment, I agree with the result reached in the majority opinion, but not with all that is said therein.

MR. JUSTICE ANGSTMAN: (dissenting).

There is much said in the foregoing majority opinion on questions not involved in the case and were they involved I would have no quarrel with what is said on those subjects.

The only question involved in the case, and the one that is decisive of the appeal is whether under the facts the appeal should be dismissed. Determination of that question depends upon whether there can be an appeal from a part only of a judgment.

An affirmative answer to that question is found in the statute which expressly authorizes an appeal from a judgment, "or some specific part thereof." Section 93-8005.

The statute alone should settle the question.

But let us consider the state of the record. Plaintiff sought general damages for physical and mental pain and suffering in the sum of $30,000; special damages in the sum of $30,000; for the cost of a man at $300 per month to take his place in his garbage disposal business; and for medical and hospitalization expense in the alleged sum of $507.40.

The jury returned a verdict for plaintiff and assessed his

damages in the sum of $507.40, being the exact amount sought for medical and hospital expenses. Judgment was entered on the verdict.

Plaintiff gave notice of intention to vacate and set aside the verdict and judgment, and for a new trial, specifying as grounds the insufficiency of the evidence to justify the verdict and judgment in that the jury decided in favor of plaintiff's right to recover, but fixed his damages only for medical and hospital expenses and ignored uncontradicted evidence of other damages.

At the time fixed for the hearing on the motion for new trial, plaintiff made an oral motion in conformity with the notice of intention. The court failed to rule on the motion and by force of the legislative fiat, section 93-5606, R.C.M. 1947, it was deemed denied.

Plaintiff filed notice of appeal stating that he appeals ''from a part and portion of that certain final Judgment * * * to-wit:

''That portion awarding to the plaintiff damages only in the sum of Five Hundred Seven and 40/100 ($507.40) Dollars.''

Defendant Yurick, for himself alone, filed a motion to dismiss the appeal upon the ground that the appeal is from a part or portion of the judgment and that the judgment is not divisible or separable into parts or portions.

Section 93-8005, R.C.M. 1947, expressly authorizes an appeal from a judgment ''or some specific part thereof.'' This court has held that it is only where a judgment is divisible into parts that an appeal will lie from only a part of the judgment. Wills v. Morris, 100 Mont. 504, 50 Pac. (2d) 858; State ex rel. Mueller v. Todd, 117 Mont. 80, 158 Pac. (2d) 299.

Respondents rely upon Lohman v. Poor, 68 Mont. 579, 220 Pac. 1094, as supporting their contention that an appeal must be taken from the whole of the judgment. The judgment in that case, as the court pointed out, was indivisible and for that reason not reviewable by piecemeal.

In Osmers v. Furey, 32 Mont. 581, 81 Pac. 345, 349, this court in an action to recover the possession of property and for damages for its wrongful taking said "the issue as to damages being clearly separable from the other issues in this case, this court, in order to correct a judgment including them, would not have ordered a new trial of the whole case, but of this issue only."

The courts are not in agreement as to whether a judgment rendered on a verdict for plaintiff in a personal injury action is severable so that it can stand as to liability but be ordered retried as to damages. The following cases, among others hold that a verdict, proper in all respects except as to damages, will be upheld as to the issues of negligence and liability, but ordered retried as to damages only. May Department Stores Co. v. Bell, 8 Cir., 1932. 61 F. (2d) 830; Atkinson v. Dixie Greyhound Lines, Inc., 5 Cir., 1944, 143 F. (2d) 477; Chesevski v. Strawbridge & Clothier, D. C. N. J. 1938, 25 F. Supp. 325; Mondine v. Sarlin, 11 Cal. (2d) 593, 81 Pac. (2d) 903; Moeller v. Market Street Ry. Co., 27 Cal. App. (2d) 562, 81 Pac. (2d) 475; Nelson v. Fairfield, 40 Wash. (2d) 496, 244 Pac. (2d) 244; Wall v. Van Meter, 311 Ky. 198, 223 S.W. (2d) 734, 20 A.L.R. (2d) 272; Hirsh v. Manley, 81 Ariz. 94, 300 Pac. (2d) 588; and Palmer v. Kelly, 52 Ariz. 98, 79 Pac. (2d) 344. And see Norfolk Southern R. Co. v. Ferebee, 238 U. S. 269, 35 S. Ct. 781, 59 L. Ed., 1303; Gasoline Products Co., Inc. v. Champlin Refining Co., 283 U. S. 494, 51 S. Ct. 513, 75 L. Ed. 1188.

An identical situation was presented in Murrow v. Whitely, 125 Colo. 392, 244 Pac. (2d) 657, 663. There, as here, the jury returned a verdict for the exact amount claimed for damages as physician's fees and other expenses necessitated because of plaintiff's injuries in an automobile accident. The verdict as here ignored the instructions relating to other items of damages. The court ruled that there were three separate and distinct issues presented; the first was whether plaintiff was a guest within the meaning of the guest statute; second, the

question of liability; and third, that of damages. Speaking on the issue of damages the court said:

"The third issue, separate, distinct and apart from either of the other two, was what sum, under the evidence and instructions of the court, should be awarded plaintiff for damages for her injuries. By the instructions of the court, the jury was advised that it should assess actual damages for plaintiff's expenditures in hospital and doctor bills, ambulance costs, drugs, x-rays, and so forth, and, in addition thereto, plaintiff, under the instructions of the court, was entitled to damages in such sum as would reasonably and justly compensate her for her injuries, the nervous shock sustained by her, and physical and mental pain and anguish presently and in the future to be endured by her. She also was entitled, according to the court's instruction, to damages for her permanent injury and disability, and loss of earnings, as well as loss of future earnings by reason of her disability, and also the costs of future medical attention, but, according to the court's instruction, her damages were limited to the sum of $15,585.16. As we have said, the jury failed to follow the court's instruction in the assessment of damages."

There the court had a rule which in substance empowered the court to grant a new trial on "all or part of the issues" much like our statute conferring the right to appeal from all "or any specific part" of a judgment. Section 93-8005.

After referring to many cases supporting the view that the judgment was divisible the court said:

"After liability is once established, the question as to the sum to be awarded as damages is entirely separate, distinct and apart therefrom and not interwoven therewith. It definitely appears that the jury disregarded the court's instruction as to the measure of damages and returned a verdict inadequate under the evidence before it. There was no error requiring a retrial of all of the issues in the case, and under the decisions, supra, we are convinced that our Rule 59C (a), supra, was

promulgated by this court to cover a situation such as is here presented.''

The court remanded the cause for trial on the amount of damages only.

There are some cases taking the contrary view. See Clifford v. Ruocco, 39 Cal. (2d) 327, 246 Pac. (2d) 651.

In 66 C.J.S. New Trial section 11(3), page 97, the rule is stated as follows:

''It may not be said as a matter of law that in every personal injury case the issues of negligence and damage are so inseparably blended that a new trial, if granted at all, must be granted as to all the issues and cannot be confined to the issue of damages alone; the question is not one of jurisdiction, but rather one of discretion. Accordingly, in an action based on negligence, the question or issue of damages may be distinct or separable from that of liability, although under some circumstances this may not be true; and the trial court may grant a new trial on the single issue of damages when a jury have properly determined the issue of defendant's negligence, proximate cause, and plaintiff's freedom from contributory negligence, although not otherwise.

''It has been held that the practice is not to be commended and should be adopted with caution, in furtherance of justice, and only where it is clear that no prejudice will result to either party, and not where the issues of negligence and damage are so inseparably blended that one cannot be fairly tried without proof of the other.''

Here the jury was fully instructed on the issue of liability. Instructions placed the burden of proof on plaintiff to establish by a preponderance of the evidence one or more of the acts of gross negligence charged and that such negligence was the proximate cause of plaintiff's injuries. The jury was also advised concerning the effect of contributory negligence and that the case should be considered without regard to sympathy, prejudice or passion for or against any party to the action. The jurors were then told in plain language that they

could find damages for plaintiff only in the event that liability of defendants was first established. In fact the court instructed the jury as follows:

"In this case you may find any one of the following verdicts:

"1. For the plaintiff;

"2. For the defendants.

"If you find the issues herein in favor of the plaintiff on his cause of action, then you must fix in the verdict the amount which the plaintiff is entitled to receive, in no case exceeding the sum prayed for in the Complaint."

This court in the light of the foregoing would be indulging in violent assumptions were we to surmise that the verdict was probably the result of prejudice, sympathy or compromise as did the court in the Clifford case, supra, and this even though the evidence on the question of defendants' liability was conflicting or contradictory. That simply made the question of liability one for the jury. A more rational presumption is that the jury followed the instructions in finding liability. The case is one where the question of liability was and is separate and distinct from that of damages and the jury was so informed.

The verdict itself shows that the jury considered the two issues as being separate and distinct. The verdict reads:

"We, the Jury, in the above entitled action, find in favor of the Plaintiff and against the Defendants, Neil W. Byers and Robert Yurick, and each of them, and assess Plaintiff's damages at Five Hundred & Seven Dollars & Forty Cents ($507.40) Dollars."

In line with the case of Osmers v. Furey, supra, and the other cases above-cited, I think the issue of liability is separate and distinct from that of damages and that plaintiff had the right to appeal from that part of the judgment, fixing damages without appealing from that part of the judgment fixing the liability of defendants.

So far as the merits of the appeal are concerned, little need be said. The jury could not award to plaintiff the medical and

hospital expenses without also making an award for pain and suffering and for loss of earnings.

I am impressed with what the Kentucky Court of Appeals said in the Wall case, supra [311 Ky. 198, 223 S.W. (2d) 736]. It there said: ''The verdict reads: 'We, the following jurors, find for the plaintiff in the sum of $98.' It was signed by nine jurors. It is evident from the verdict that the jury found appellee was negligent and that appellant was not guilty of contributory negligence, and was entitled to recover the damages he sustained in the accident. Such being the case, it was incumbent upon the jury to compensate him for all damages he suffered, that is, for his pain and suffering as well as for his medical expenses. With reason the jury could not have awarded him a recovery for his medical expenses and then denied him recovery for the very injuries which necessitated such medical expenses. Once the jury found appellant was injured as the direct and proximate result of appellee's negligence, it was the duty of the jury not to ignore the law and the facts but to compensate appellant for his pain and suffering as well as his medical expenses. We are constrained to regard this verdict as severable and as having awarded nothing for appellant's pain and suffering which was proven by uncontradicted testimony.''

Here the uncontradicted evidence shows that plaintiff endured some pain and suffering and sustained some loss of earnings.

The jury was not at liberty to ignore this evidence. Neither can it be said that the jury's verdict may be construed otherwise than a finding for hospital and medical expenses alone as some courts have held under similar facts.

Just how the majority find section 23 of Article III of our Constitution applicable here is not understandable. That section guarantees the right of jury trials. It does not guarantee more than one jury trial on specific issues.

My devotion to the constitutional guarantee of the right to a jury trial is as fervent as that of those who concur in the

majority opinion. That right was accorded here when the jury found defendant liable.

If section 23 of Article III has any application here it is because the jury failed to perform its duty in passing upon the question of damages and that therefore the judgment should be reversed and the cause remanded for new trial on the question of damages only.