The STATE OF MONTANA, ACTING BY AND THROUGH THE STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.* JOHN S. BAROVICH AND MARY S. BAROVICH, HUSBAND AND WIFE, AND MR. A. BUXBAM, DEFENDANTS AND APPELLANTS.

No. 10473

Submitted May 13, 1963. Decided June 27, 1963.

382 P.2d 917.

Colgrove & Brown, Bruce M. Brown (argued orally), Miles City, for appellants.

William E. O'Leary (argued orally), Helena, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by the defendant landowners from an order denying defendants' motion for a new trial in an Interstate Highway condemnation suit.

The jury awarded the defendant the sum of $1,050 for the 23.15 acres taken, and the sum of $1,000 for the damage to the remaining land.

The land of the defendants is bisected by the highway. The State provided a 24 inch culvert and a 10 foot culvert to allow continuation of existing irrigation projects thereon. The State also provided a 10 foot underpass to permit access from one tract to the other.

The witnesses for defendants testified that in their opinion, range cattle would not willingly use the underpass, and accordingly found a depreciation of value from $8,000 to $15,000. One witness for the defendants also testified that the narrow underpass would not allow certain farm machinery to pass from side to side. There was evidence to believe that in some instances the opinion concerning cattle behavior was based upon experiences involving an underpass located in Miles City.

One witness for the State testified that in his opinion, there would be no diminution of value as a result of the bisecting. Another witness for the State showed the jury how the proposed underpass would differ materially from the one located in Miles City, and in his opinion the underpass would not offer any difficulties with respect to cattle.

At the conclusion of the trial, the defendant moved for a new trial under section 93-5603, subd. 6, R.C.M.1947, providing for a new trial when the evidence was insufficient to support the verdict. The district court denied this motion.

The defendants allege in effect that when the jury found there was some damage to the remainder, that the jury was bound to follow their figures inasmuch as they were the only values presented to the jury on that issue.

We need not consider the startling proposition of law urged by defendants for the reason that it ignores some of the evidence presented in the trial.

The testimony of the defendants was not the only evidence that the jury had before it. It also had the testimony of the witness for the State who testified that the basic assumption upon which the defendants' witness based their figures was a false assumption, that in fact the cattle would willingly use the underpass. Thus, contrary to the defendants' allegation that there was no testimony save his own, there was in fact evidence, if believed, which would lead the jury to find the damages at a lower figure than that advanced by defendants.

The fact that this witness in attacking the defendants' assumption did not substitute a value of his own is immaterial. The burden of proving damages, in excess of that offered by the State, rests upon the defendant landowner. See State Highway Comm'n v. Peterson, 134 Mont. 52, 75, 328 P.2d 617. It was not incumbent upon the State to prove the defendants' case for them.

The evidence presented was sufficient, if believed, to permit the jury to reach a damage figure lower than that advanced by defendants.

The trial court in overruling the defendants' motion for a new trial must of necessity have reached a determination that there was in fact sufficient evidence to support the verdict. "Such determination by the trial court of plaintiff's motion for new trial, involving as it does the exercise of judicial discretion, may not lawfully be disturbed on review by this court unless it is clearly shown that in pursuing the course that it did in determining the motion the trial court abused its discretion. Sandeen v. Russell Lumber Co., 45 Mont. 273, 282, 122 P. 913; Slater v. Bright Hotel Co., 59 Mont. 230, 196 P. 152; Gardiner v. Eclipse Grocery Co., 72 Mont. 540, 549, 550, 234 P. 490." Seibel v. Byers, 136 Mont. 39, 47, 344 P.2d 129, 134.

Finding no clear abuse of discretion on the part of the district court, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, ADAIR and DOYLE, concur.